**STATE v. SWEAT**

[216 N.C. App. 321 (2011)]

STATE OF NORTH CAROLINA v. TIMOTHY ALFRED SWEAT

No. COA11-57

(Filed 18 October 2011)

## 1. Sexual Offenses—statutory sexual offense—sexual offense with child—motion to dismiss—sufficiency of evidence—fellatio—confession

The trial court did not err by denying defendant's motion to dismiss three of his four charges for first-degree statutory sexual offense and sexual offense with a child. Defendant's extrajudicial confession alone established the elements of fellatio, the minor victim previously informed two different individuals on two different occasions that fellatio had occurred, and defendant was convicted of and did not contest numerous other criminal sexual acts occurring within the same time frame and with the same victim.

## 2. Sexual Offenses—statutory sexual offense—sexual offense with child—instruction

Although the trial court did not err by instructing the jury they could find defendant engaged in either anal intercourse and/or fellatio with the minor child for the two charges of statutory sexual offense, this same instruction was not proper for the two charges of sexual offense with a child. Defendant was entitled to a new trial for the two charges of sexual offense with a child.

Judge HUNTER, JR., Robert N. dissenting.

Appeal by defendant from judgments entered on or about 2 July 2010 by Judge James U. Downs in Superior Court, Buncombe County. Heard in the Court of Appeals 8 June 2011.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Margaret A. Force, for the State.*

*Russell J. Hollers III, for defendant-appellant.*

STROUD, Judge.

Defendant appeals his convictions for first degree sexual offense and sexual offense with a child arguing that (1) his motion to dismiss should have been granted as there was insufficient evidence of fellatio, and (2) the jury was erroneously instructed on fellatio. We con-

clude that (1) the trial court properly denied defendant's motion to dismiss as there was sufficient evidence of fellatio, but (2) the jury was erroneously instructed as to two of the charges. Therefore, we find no error in part and order a new trial in part.

## I. Background

The State's evidence tended to show that when Tammy,[1] then approximately eight or nine years old, was in the third grade between August 2007 and 2008, defendant, her live-in uncle, made her "[t]ouch his private" and touched her "boobs[;]" both incidents happened on more than one occasion. In March 2009, Tammy was in defendant's apartment when he "stuck his private in" Tammy's "private in front." Defendant also put "his private" in Tammy's "butt" and "[s]omething [white] came out." Defendant put "his private in [Tammy's] butt" "[m]ore than once."

On 30 March 2009, defendant told an investigator with the Buncombe County Office of the Sherriff "that he had had sexual contact with the victim[,]" that "he had had sex with [Tammy] on one occasion[,]" and "that there were at least four sexual encounters with the victim." Defendant wrote a statement for the police which read:

> Brickyard Road. She pulled out my p-e-n-d-s and sucked it. I said 'no' but she wanted to t-y-e it. She l-e-n-k-s it. I had s-a-i-n-d 'no,' but she want to, so she did it. For s-u-o-c-d. That happened two times. She put my p-l-a-n-s in her butt. B-e-a-c-k part we play on the bed and [Tammy] put her hand down in my pants, pull it out and t-y-e it or can I s-a-n-d, but she want to. I know she it out again. I s-a-i, 'This is not r-i-n-t' to her. She s-u-i-n-d things. She tried to put it in her butt that day[.]

On or about 3 August 2009, defendant was indicted for two counts of first degree statutory sexual offense under N.C. Gen. Stat. § 14-27.4(a)(1), five counts of indecent liberties with a child under N.C. Gen. Stat. § 14-202.1, two counts of sexual offense with a child under N.C. Gen. Stat. § 14-27.4A(a), and one count of rape of a child under N.C. Gen. Stat. § 14-27.2A(a). Defendant was tried by a jury and found guilty of all of the charges against him. The trial court entered judgments against defendant, and defendant appeals.

---

1. A pseudonym will be used to protect the identity of the minor.

## II. Motion to Dismiss

**[1]** Defendant first argues that the trial court erred in denying his motion to dismiss three of his four charges for first-degree statutory sexual offense and sexual offense with a child; defendant contends that the State's evidence only establishes one act of anal intercourse for purposes of one of defendant's four charges and that the other three charges were based upon fellatio. Defendant reasons that pursuant to the *corpus delicti* rule as applied in *State v. Smith*, 362 N.C. 583, 669 S.E.2d 299 (2008), there was insufficient evidence of fellatio for purposes of three of the charges, and thus his motion to dismiss should have been granted as to these charges. Even if assume *arguendo*, that three of defendant's charges were based upon fellatio, we still disagree that defendant's motion to dismiss should have been granted, as *Smith* does not support defendant's argument. *See id.*

> The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.

*State v. Johnson*, ___ N.C. App. ___, ___, 693 S.E.2d 145, 148 (2010) (citations and quotation marks omitted).

Pursuant to N.C. Gen. Stat. § 14-27.4(a)(1),

> A person is guilty of a sexual offense in the first degree if the person engages in a sexual act . . . [w]ith a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim[.]

N.C. Gen. Stat. § 14-27.4(a)(1) (2007). "A person is guilty of sexual offense with a child if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13 years." N.C. Gen. Stat. § 14-27.4A(1) (2007).

> "Sexual act" means cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also

means the penetration, however slight, by any object into the genital or anal opening of another person's body: provided, that it shall be an affirmative defense that the penetration was for accepted medical purposes.

N.C. Gen. Stat. § 14-27.1(4) (2007). Here, defendant only challenges the element of the "sexual act" by fellatio. *See generally* §§ N.C. Gen. Stat. 14-27.1(4), -27.4(a)(1), -27.4A(1).

In *State v. Smith*, the defendant was charged with first degree rape, first degree sexual offense, and indecent liberties with a child. 362 N.C. 583, 585, 669 S.E.2d 299, 301 (2008). The evidence showed the defendant confessed to a detective at the sheriff's department that the minor victim, K.L.C, "tried to give him a blow job." *Id.* at 587, 669 S.E.2d at 303. At trial, the defendant testified K.L.C. "attempt[ed] to fellate him." *Id.* at 586, 669 S.E.2d at 302. Conversely, K.L.C., both before and at trial stated that "prior to the alleged rape no sexual or indecent acts occurred between her and defendant" and "no sexual contact between her and defendant occurred after the alleged rape." *Id.* at 588, 669 S.E.2d at 303. Thus, only the defendant's statements could be used to establish fellatio for purposes of his charge for first degree sexual offense. *See id.* at 586-88, 669 S.E.2d at 302-03.

Based upon the facts our Supreme Court discussed the development of the *corpus delicti* rule and stated,

> *Parker* held that in noncapital cases, a conviction can stand if the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness, including facts that tend to show the defendant had the opportunity to commit the crime. Furthermore, *Parker* emphasizes that when independent proof of loss or injury is lacking, there must be strong corroboration of essential facts and circumstances embraced in the defendant's confession.

*Id.* at 592, 669 S.E.2d at 306 (citations and quotation marks omitted).

The Court then examined the evidence, first noting that the victim explicitly denied that the defendant had committed a first degree sexual offense upon her:

> In the instant case, a critical fact exists that necessarily bears upon our analysis: the victim twice denied that a first-degree sexual offense ever occurred. When interviewed by Detective Arrowood six weeks after the alleged events tran-

spired, K.L.C. stated that there was no sexual contact between defendant and her on the night of the first visit. Additionally, K.L.C. testified at trial that during the first visit, she was alone with defendant in Jonathan's, [her brother's,] bedroom, and while defendant made inappropriate comments to her, no sexual contact occurred on the night of the first visit. A victim of sexual violence, especially a minor victim, is not required to testify to the sexual offense in order for a conviction to stand. However, in this unique situation, in which the victim explicitly denies that the offense ever occurred, we believe it is imperative to adhere to *Parker's* emphasis that strong corroboration evidence supporting defendant's extrajudicial confession must be shown when proof of injury or loss is otherwise lacking.

*Id.* at 593, 669 S.E.2d at 306 (citations and quotation marks omitted).

The Court then examined the corroborative evidence and found that it was not sufficiently trustworthy to show that a first degree sexual offense had occurred, particularly where the defendant's confession itself failed to establish all of the necessary elements of the alleged crime:

The State argues that under the *corpus delicti* rule, defendant's extrajudicial confession, along with several pieces of corroborative evidence, is sufficient to sustain a conviction for first-degree sexual offense. However, none of the State's evidence is trustworthy to establish the sexual act element of a first-degree sexual offense, that K.L.C.'s lips, tongue, or mouth ever touched defendant's penis. In the extrajudicial confession, defendant stated to Detective Arrowood that K.L.C. unzipped his pants, removed his penis, and attempted fellatio, but that he could not achieve an erection because of his alcohol consumption. From this confession alone a jury could not determine beyond a reasonable doubt that K.L.C.'s mouth ever made contact with defendant's penis, which is a required element in a sexual offense prosecution.

*Id.* at 593-95, 669 S.E.2d at 306-07. The State's corroborating evidence included: (1) the defendant's trial testimony which the Court determined was vague like the extrajudicial confession, (2) Jonathan's testimony regarding defendant's confession to him which the Court determined was not independent as the statements were basically a report of what happened during defendant's interview with the detective wherein he made his extrajudicial confession, and (3) Jonathan's testimony describing defendant's demeanor when confessing which

the Court again determined was not independent of the extrajudicial confession. *See id.* at 594-95, 306-07.

Finally, the Court considered defendant's opportunity to commit a first degree sexual offense and determined that there was no independent proof of the crime:

> The State last contends that under *Parker*, several pieces of opportunity evidence are sufficient to sustain defendant's conviction for first-degree sexual offense. The State offers testimony from both defendant and K.L.C. that they were alone together in Jonathan's bedroom during the first visit, as well as Jonathan's testimony that he left K.L.C. with defendant during the first visit.

> In *Parker*, this Court held that facts tending to show the defendant had the opportunity to commit the crime can be considered as independent evidence to establish the trustworthiness of the defendant's confession. However, the opportunity evidence in *Parker* differs from the case at bar. In *Parker*, the defendant was charged with armed robbery and first-degree murder of two victims. The State was able to produce significant independent evidence of both murders and of armed robbery, including the bodies of both victims and the recovered property stolen from the first victim. However, no evidence of the second armed robbery could be shown, other than the defendant's extrajudicial confession. This Court ruled that evidence showing the defendant had the opportunity to commit the crime was sufficient under the *corpus delicti* rule to sustain the second armed robbery conviction in light of the overwhelming amount and convincing nature of the corroborative evidence of more serious crimes committed against both victims at the time of the robbery. The present case differs from *Parker* because no independent proof, such as physical evidence or witness testimony, of any crime can be shown. Furthermore, in the case at bar, K.L.C., an alleged living victim, gave two statements averring that the sexual offense did not occur. In light of these facts, the opportunity evidence submitted by the State is not strong enough to establish the *corpus delicti* of first-degree sexual offense under *Parker*, namely, that a sexual act occurred between defendant and K.L.C.

*Id.* at 595-96, 669 S.E.2d at 307-08 (citations, quotation marks, ellipses, and brackets omitted). Thus, we consider whether "the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness, including facts that tend to show the

defendant had the opportunity to commit the crime" and whether there is "strong corroboration of essential facts and circumstances embraced in the defendant's confession." *See id.* at 592, 669 S.E.2d at 306.

We first note that the Supreme Court's analysis "necessarily bears upon" "a critical fact": "the victim twice denied that a first-degree sexual offense ever occurred." *Id.* at 593, 669 S.E.2d at 306. Here, though Tammy did not testify to fellatio during defendant's trial she did, prior to defendant's trial, inform Ms. Christine Nicholson, formerly a child protective services investigator for the Buncombe County Department of Social Services, and Ms. Cindy McJunkin of the Mission Children's Clinic that defendant had "made [her] suck his private[,]" pushed her head and told her to "suck it[,]" and put "his private in [her] mouth." While the jury was only allowed to consider Ms. Nicholson's and Ms. McJunkin's testimony and evidence regarding Tammy's statements to the extent that they corroborated Tammy's trial testimony, this evidence clearly shows that Tammy did not consistently deny that fellatio occurred as the victim in *Smith* did; *id.*, here, within a month of the rape, Tammy told two different individuals on two different occasions that fellatio had occurred. As our Supreme Court noted in *Smith*, "A victim of sexual violence, especially a minor victim, is not required to testify to the sexual offense in order for a conviction to stand." *Id.*

In *Smith*, the Court next turns to the defendant's extrajudicial confession focusing on the fact that it only established "attempted fellatio" but not "that K.L.C.'s mouth ever made contact with defendant's penis[.]" *Id.* at 593-94, 669 S.E.2d at 306. Here, unlike the "attempted" language in *Smith*, *id.*, defendant's extrajudicial confession, though poorly spelled, stated: "She pulled out my p-e-n-d-s and sucked it. I said 'no' but she wanted to t-y-e it. She l-e-n-k-s it. I had s-a-i-n-d 'no,' but she want to, so she did it. For s-u-o-c-d. That happened two times." Unlike *Smith*, defendant's extrajudicial confession does establish that Tammy's "mouth . . . made contact with defendant's penis[.]" *Id.* at 594, 669 S.E.2d at 306.

Lastly, the Supreme Court in *Smith* considered defendant's "opportunity" to commit the charged crimes. *Id.* at 595, 669 S.E.2d at 307. In *Smith*, the evidence showed that the victim and defendant had only been alone together on two occasions; they did not live together, nor did the defendant have access to the victim over a long period of time. *Id.* at 585-88, 301-03. The Court determined that in *Smith* there was "no independent proof" of "any crime." *Id.* at 596, 669 S.E.2d at 308. Here, both defendant's extrajudicial statement, Tammy's testi-

mony and statements, and Tammy's aunt's testimony establish that defendant did have an opportunity to commit the charged crimes. Furthermore, here, where defendant has been convicted of, and does not challenge on appeal, his multiple convictions of rape, indecent liberties, and sexual offense based on anal intercourse, which occurred in the same course of sexually abusive conduct with the same victim, there is "independent proof" to support a crime. *Id.*

*Smith* also analyzed the same evidence which it found was not sufficient to corroborate a first degree sexual offense and found that the evidence would support a charge of indecent liberties with a child. *Id.* at 597-98, 669 S.E.2d at 309. As to the indecent liberties with a child conviction, the Supreme Court determined:

> While the evidence presented at trial was insufficient to sustain the sexual offense conviction, it withstands the *corpus delicti* rule as to the conviction for indecent liberties with a child. . . .
>
> . . . .
>
> . . . Defendant's extrajudicial confession alone establishes all of the elements of indecent liberties with a child; thus, under the *corpus delicti* rule, the question becomes whether independent corroborating evidence is strong enough to prove the trustworthiness of the confession. . . . [A]fter reviewing the entirety of the record, we find there is strong corroborating evidence to establish the trustworthiness of defendant's extrajudicial confession as to the indecent liberties charge.

*Id.* Here, just as with the indecent liberties conviction with the defendant in *Smith*, "[d]efendant's extrajudicial confession alone establishes all of the elements" of fellatio. *Id.* at 597, 669 S.E.2d at 309.

In summary, this case differs from *Smith* because defendant's extrajudicial confession alone establishes the elements of fellatio; Tammy previously informed two different individuals on two different dates that fellatio had occurred; and defendant was convicted of and does not contest on appeal numerous other criminal sexual acts occurring within the same time frame and with the same victim which were part of the same sexual encounters as the fellatio. We conclude that "the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness, including facts that tend to show the defendant had the opportunity to commit the crime" and that there is "strong corroboration of essential facts and circumstances embraced in the defendant's confession." *Id.* at 592,

669 S.E.2d at 306. Accordingly, there was sufficient evidence of fellatio, and the trial court did not err in denying defendant's motion to dismiss. This argument is overruled.

### III. Jury Instructions

[2] The trial court instructed the jury that in order to find defendant guilty of the four charges for first-degree statutory sexual offense and sexual offense with a child they could find he engaged in "either anal intercourse and/or fellatio" with Tammy. Defendant contends that the trial court erred in instructing the jury on fellatio in combination with an instruction on anal intercourse. We review instructions to the jury

> contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.

State v. Glynn, 178 N.C. App. 689, 693, 632 S.E.2d 551, 554, disc. review denied and appeal dismissed, 360 N.C. 651, 637 S.E.2d 180 (2006) (citation, quotation marks, ellipsis, and brackets omitted). "A trial judge should never give instructions to a jury which are not based upon a state of facts presented by some reasonable view of the evidence. When such instructions are prejudicial to the accused he would be entitled to a new trial." State v. Lampkins, 283 N.C. 520, 523, 196 S.E.2d 697, 699 (1973).

Relying heavily on his first argument defendant contends that the evidence supports only one charge of sexual offense, specifically anal intercourse in March 2009. We have already rejected defendant's first argument, but we do agree that the evidence before the jury established, at most, two instances of fellatio. Jenny testified that she and defendant engaged in anal intercourse "[m]ore than once." Defendant's extrajudicial confession stated, "She pulled out my p-e-n-d-s and sucked it. I said 'no' but she wanted to t-y-e it. She l-e-n-k-s it. I had s-a-i-n-d 'no,' but she want to, so she did it. For s-u-o-c-d. *That happened two times.*" (Emphasis added.) The corroborative evidence admitted through the testimonies of Ms. Nicholson and Ms. McJunkin was not admitted as substantive evidence of fellatio and is vague as to the number of times that fellatio occurred. Thus, the trial court could only properly instruct the jury on two of the four counts that they could find defendant guilty of "anal intercourse and/or fellatio."

As such, instruction on four charges regarding "anal intercourse and/or fellatio" was not only error, but "was likely, in light of the entire charge, to mislead the jury." *Glynn* at 693, 632 S.E.2d at 554. We find no error as to defendant's two convictions for first degree statutory sexual offense pursuant to N.C. Gen. Stat. § 14-27.4(a) (09-CRS-00455 and 09-CRS-00456) as the jury could properly have found either anal intercourse or fellatio and was not required to agree as to which one occurred. *See State v. Lyons*, 330 N.C. 298, 302, 412 S.E.2d 308, 312 (1991) ("There is a critical difference between the lines of cases represented by *Diaz* and *Hartness*. The former line establishes that a disjunctive instruction, which allows the jury to find a defendant guilty if he commits either of two underlying acts, either of which is in itself a separate offense, is fatally ambiguous because it is impossible to determine whether the jury unanimously found that the defendant committed one particular offense. *The latter line establishes that if the trial court merely instructs the jury disjunctively as to various alternative acts which will establish an element of the offense, the requirement of unanimity is satisfied.*" (emphasis added)). Accordingly, we order defendant receive a new trial for his two convictions for sexual offense with a child (09-CRS-54272 and 09-CRS-54275).

## IV. Conclusion

For the foregoing reasons, we conclude that the trial court properly denied defendant's motion to dismiss, but the jury was erroneously instructed as to two of the charges.

NO ERROR in part; NEW TRIAL in part.

Judge HUNTER, Robert C. concurs.

Judge HUNTER, Jr., Robert N. dissents in a separate opinion.

HUNTER, JR., Robert N., Judge, dissenting.

In North Carolina, "an extrajudicial confession, standing alone, is not sufficient to sustain a conviction of a crime." *State v. Parker*, 315 N.C. 222, 229, 337 S.E.2d 487, 491 (1985). Rather, when the State lacks independent proof of the "body of the crime"—the *corpus delicti*—and relies upon an extra-judicial confession, additional corroborative evidence that establishes the trustworthiness of the confession is required to sustain a conviction. *Id.* at 236, 337 S.E.2d at 495. While jurisdictions vary on the quality and extent of corroborative evidence

required for utilization of extra-judicial confessions in proving the *corpus delicti*, our Supreme Court liberalized North Carolina's approach in *Parker*.

The *Parker* Court considered three versions of the *corpus delicti* rule. The first, which the Court noted was the majority rule, requires "corroborative evidence, independent of the defendant's confession, which tends to prove the commission of the crime charged." *Id.* at 229, 337 S.E.2d at 491. The second approach requires independent evidence tending to establish each element of the crime. *Id.* at 229-30, 337 S.E.2d at 491. The third approach, known as "the 'trustworthiness' version of corroboration," does not require independent proof of the *corpus delicti*. *Id.* at 230, 337 S.E.2d at 492. Rather, " '[p]roof of any corroborating circumstances is adequate which goes to fortify the truth of the confession or tends to prove facts embraced in the confession.' " *Id.* (quoting *Opper v. United States*, 348 U.S. 84, 92 (1954)).

The *Parker* Court reviewed criticisms of the traditional *corpus delicti* rule and adopted the trustworthiness approach. *Id.* at 236, 337 S.E.2d at 495 (citing *State v. Yoshida*, 354 P.2d 986, 990 (Haw. 1960)). The State is no longer required to provide independent evidence of the *corpus delicti* in non-capital cases in order to obtain a conviction:

> We adopt a rule in non-capital cases that when the State relies upon the defendant's confession to obtain a conviction, it is no longer necessary that there be independent proof tending to establish the *corpus delicti* of the crime charged if the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness, including facts that tend to show the defendant had the opportunity to commit the crime.

> We wish to emphasize, however, that when independent proof of loss or injury is lacking, there must be *strong* corroboration of *essential* facts and circumstances embraced in the defendant's confession. Corroboration of insignificant facts or those unrelated to the commission of the crime will not suffice. We emphasize this point because although we have relaxed our corroboration rule somewhat, we remain advertent to the reason for its existence, that is, to protect against convictions for crimes that have not in fact occurred.

*Id.*

The defendant in *Parker* was convicted of two counts of first-degree murder and two counts of armed robbery. *Id.* at 224, 337 S.E.2d

at 488. Aside from the defendant's confession, there was no evidence of the *corpus delicti* of the armed robbery—missing property—of one of the victims. *Id.* at 227, 337 S.E.2d at 490. The Court concluded the evidence presented at trial established the trustworthiness of the defendant's confession because "[t]he evidence presented by the prosecution at trial mirrored almost precisely the defendant's version of how he committed the other crimes charged"—the murders and the other armed robbery. *Id.* at 238, 337 S.E.2d at 496.

The Supreme Court revisited the *corpus delicti* rule in *State v. Smith*, 362 N.C. 583, 669 S.E.2d 299 (2008), indicating an extra-judicial confession can be sufficiently corroborated for the purpose of one crime, but not another. There, the defendant was found not guilty of first-degree rape, but guilty of first-degree sexual offense and indecent liberties with a child. *Id.* at 584, 669 S.E.2d at 301. Because the State failed to corroborate the extra-judicial confession, the *Smith* Court concluded "the *corpus delicti* of the first-degree sexual offense charge ha[d] not been established, and the conviction c[ould ] not be sustained." *Id.* at 596, 669 S.E.2d at 308. However, the defendant's extra-judicial confession statements supporting his indecent liberties conviction were corroborated because trial testimony closely mirrored the defendant's statements. *Id.* at 598, 669 S.E.2d at 309.

Establishing the trustworthiness of the defendant's extra-judicial confession as to some charges does not necessarily establish the trustworthiness of that evidence as to other charges. *Smith* establishes that independent proof of loss or injury attendant to some charges, by itself, does not constitute "*strong* corroboration of *essential* facts and circumstances embraced in the defendant's confession" for *all* charges that might be contained in the defendant's extrajudicial confession. *Id.* at 592, 669 S.E.2d at 306 (quotation marks omitted) (citation omitted).

In this case, I am concerned with whether there was sufficient evidence of the sexual offense charges to survive a motion to dismiss. In police interviews, Defendant admitted having sex with Tammy and engaging in four sexual encounters with her. Investigators then asked Defendant for a written statement. Despite spelling and grammatical errors, Defendant's written statement described three sexual acts. Specifically, his statement said, "She pulled out my p-e-n-d-s [sic] and sucked it . . . . That happened two times." The statement also described one act of anal intercourse, "[s]he put my p-l-a-n-s [sic] in her butt," while also stating that "[s]he tried to put it in her butt that day."

STATE v. SWEAT

[216 N.C. App. 321 (2011)]

Defendant's confession is muddled and incoherent. However, I conclude it is possible to discern that Defendant stated he engaged in anal intercourse with Tammy *and* that she *tried* to put his penis in her butt. Defendant's confession portrays Tammy as taking an active role in at least one encounter, while Tammy's testimony indicates Defendant forced the acts upon her. Tammy stated she and Defendant viewed pornographic videos together; during an interview with DSS, Defendant specifically denied viewing videos with Tammy. At trial, defense counsel asked Tammy the following: "You talked about what parts of your body Mr. Sweat touched, and you stated that you touched his private with your hands. Did any other part of your body ever touch Mr. Sweat's privates?" Tammy answered, "No." Thus, the substantive evidence at trial and Defendant's confessions establish two versions of events that do not closely resemble each other. And there is a *critical* conflict—the precise type of conflict our Supreme Court emphasized in *Smith*—Tammy denied touching Defendant's penis with anything other than her hands. The State failed to show "*strong* corroboration of *essential* facts and circumstances embraced in the defendant's confession." *Id.* (quotation marks omitted) (citation omitted).

The State also presented a large amount of evidence to corroborate Tammy's testimony. Some of this evidence tends to show Tammy stated she and Defendant engaged in fellatio. However, the trial court admitted this evidence *solely* for the purpose of corroborating Tammy's testimony; the jury was not permitted to consider it as substantive evidence that a crime occurred. Consequently, this case presents a novel question: can unsworn evidence admitted for the limited purpose of corroborating a witness's testimony also corroborate essential facts for the purpose of the *corpus delicti* rule? I conclude it cannot.

In North Carolina, a prior consistent statement may be admitted for the purpose of corroborating a witness's testimony. *See State v. Jones*, 105 N.C. App. 576, 580, 414 S.E.2d 360, 363 (1992). When evidence is admitted only for the purpose of corroboration, it is not substantive evidence; in other words, it cannot establish an element of a crime. *See id.* Consequently, I would hold it cannot establish the elements comprising the *corpus delicti* of a crime. *Parker* states that there must be strong corroboration of essential facts "when independent *proof* of loss or injury is lacking." 315 N.C. at 236, 337 S.E.2d at 495 (emphasis added). Thus, strong corroboration must make up for "proof," which cannot be established through prior-consistent-state-

ment corroborative evidence. *State v. Gell*, 351 N.C. 192, 204, 524 S.E.2d 332, 340 (2000) ("[P]rior statements admitted for corroborative purposes may not be used as substantive evidence.") It would be inappropriate to allow the State to substitute limited purpose prior-consistent-statement *corroborative* evidence for *proof* of loss or injury in order to corroborate an extra-judicial confession. I would hold that evidence admitted for the sole purpose of corroborating a witness's testimony cannot corroborate an extra-judicial confession.

In this case, prior out-of-court unsworn statements indicating Defendant and Tammy engaged in fellatio were admitted into evidence along with other out-of-court unsworn statements that corroborated Tammy's testimony at trial. That non-substantive evidence of fellatio was the *only* evidence of fellatio presented at trial other than Defendant's extra-judicial confession. Under the rule announced above, those statements cannot corroborate the portion of Defendant's extra-judicial confession admitting to engaging in fellatio with Tammy. I conclude that, in light of the conflicts between Defendant's extra-judicial confession and Tammy's testimony, and despite Defendant's opportunity to engage in fellatio with Tammy, the State's evidence does not amount to the "*strong* corroboration of *essential facts and circumstances embraced in the defendant's confession*" with respect to acts of fellatio. *Smith*, 362 N.C. at 592, 669 S.E.2d at 306 (quotation marks omitted) (citation omitted).

Viewing the evidence in the light most favorable to the State, the State presented substantial evidence of two incidents of anal intercourse between Defendant and Tammy—one occurring on 5 March 2009 and one occurring while Tammy was in the third grade, sometime from September 2007 to June 2008. However, because the State failed to corroborate the portion of Defendant's confession pertaining to fellatio, there was insufficient evidence to support charges for sexual offenses based on fellatio. As such, the trial court incorrectly denied Defendant's Motion to Dismiss as to those charges. I would reverse the trial court's judgment on the Motion. Reaching this conclusion implicates another error by the trial court, the instructions to the jury.

There is a second problem that the majority opinion fails to properly review. The trial court instructed the jury that it could find Defendant guilty of each sexual offense charge[2] if it found that

---

2. Our analysis does not distinguish between the first-degree statutory sexual offense convictions under section 15-144.2(b) and the sexual offense with a child convictions under section 14-27.4A, since the age of Defendant is not at issue.

Defendant "engaged in a sexual act with [Tammy], either anal intercourse and/or fellatio." Defendant argues that inclusion of the "and/or" language was erroneous because it permitted the jury to convict Defendant on a theory of fellatio, which was not supported by the State's evidence. I would agree with Defendant.

The appellant contends that the disjunctive jury instructions given to the jury deprive Defendant of his constitutional right to a unanimous jury trial. On our review of this issue, the standard is whether the State can prove that the error was harmless beyond a reasonable doubt. *State v. Boyd*, No. COA10-1072, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___, 2011 WL 3276612 at *6 (August 2, 2011). The State's brief and the majority's opinion do not convince me that the State has met this burden. Neither the State's brief nor the majority opinion discusses this standard of review.

"When a trial court 'erroneously submits the case to the jury on alternative theories, one of which is not supported by the evidence,' and 'it cannot be discerned from the record upon which theory or theories the jury relied [on] in arriving at its verdict, the error entitles [a] defendant to a new trial.' " *Boyd*, No. COA10-1072, ___ N.C. App. at ___, ___ S.E.2d at ___, 2011 WL 3276612 at *4 (alteration in original) (quoting *State v. Lynch*, 327 N.C. 210, 219, 393 S.E.2d 811, 816 (1990)). This is a constitutional issue implicating the defendant's right to conviction only by "the unanimous verdict of a jury in open court." N.C. Const. art. 1, § 24; *see also Boyd*, ___ N.C. App. at ___, ___ S.E.2d at ___, 2011 WL 3276612 at *4. "Where an error implicates a defendant's right to a unanimous jury verdict under our Constitution, the State bears the burden of demonstrating beyond a reasonable doubt that the error was harmless." *Boyd*, ___ N.C. App. at ___, ___ S.E.2d at ___, 2011 WL 3276612 at *6.

Here, the trial court instructed the jury it could find Defendant guilty of a sexual offense charge if the jury concluded Defendant engaged in "anal intercourse and/or fellatio" with Tammy. As discussed above, because the State failed to corroborate Defendant's confession to acts of fellatio, there was insufficient evidence to support any charge based on fellatio. Thus, the trial court submitted to the jury a theory of sexual offense that had no basis in the evidence.

The State argues Defendant's confession was corroborated under the *corpus delicti* rule, providing sufficient evidence to support a conviction based on acts of fellatio. As such, the "and/or" jury instruction did not implicate a unanimous verdict and the State cites *State v.*

*Lawrence*, 360 N.C. 368, 627 S.E.2d 609 (2006), for support. In *Lawrence*, our Supreme Court stated that, with respect to indecent liberties, if "one juror might have found some incidents of misconduct and another juror might have found different incidents of misconduct, the jury as a whole found that improper sexual conduct occurred." *Id.* at 374, 627 S.E.2d at 613. The *Lawrence* Court upheld the trial court's disjunctive instruction on multiple theories of establishing sexual misconduct. Significantly, what distinguishes *Lawrence* from this case is that the *Lawrence* jury *heard evidence supporting each theory* submitted to the jury. *See id.* at 374, 627 S.E.2d at 612. *Lawrence* does not stand for the proposition that the trial court may provide a disjunctive instruction, including multiple theories of establishing an element of a crime, when one theory has a basis in the evidence and the others do not. Consequently, *Lawrence* provides no support for the State's argument.

Additionally, by relying solely on its argument that Defendant's confession to acts of fellatio was sufficiently corroborated to satisfy the *corpus delicti* rule, the State has failed to meet its burden of showing the trial court's error was harmless. "Where an error implicates a defendant's right to a unanimous jury verdict under our Constitution, the State bears the burden of demonstrating beyond a reasonable doubt that the error was harmless." *Boyd*, ___ N.C. App. at ___, ___ S.E.2d at ___, 2011 WL 3276612 at *6 (holding the State failed to meet its burden of showing the erroneous jury instruction was harmless beyond a reasonable doubt where it did not address the issue on appeal). While there was substantive evidence of some acts of anal intercourse, I cannot conclude the jury instructions were harmless beyond a reasonable doubt. I am unable able to ascertain which of Defendant's convictions were untainted by the erroneous instruction on fellatio. As our Supreme Court has stated:

> Because the trial court incorrectly instructed the jury regarding one of two possible theories upon which defendant could be convicted and it is unclear upon which theory or theories the jury relied in arriving at its verdict, we must assume the jury based its verdict on the theory for which it received an improper instruction.

*State v. Petersilie*, 334 N.C. 169, 193, 432 S.E.2d 832, 846 (1993); *see also State v. Lynch*, 327 N.C. at 219, 393 S.E.2d at 816. Consequently, Defendant should be entitled to a new trial on all the convictions for first-degree statutory sexual offense, under section 15-144.2(b), and the convictions for sexual offense with a child, under section 14-27.4A.