STATE v. SWEAT

[366 N.C. 79 (2012)]

━━━━━━━━━

STATE OF NORTH CAROLINA v. TIMOTHY ALFRED SWEAT

No. 472A11

(Filed 14 June 2012)

1. **Sexual Offenses— with child—motion to dismiss—suffi-ciency of evidence of fellatio—corpus delicti rule—trustworthiness**

The Court of Appeals did not err by denying defendant's motion to dismiss two sexual offense charges based on fellatio. The State's evidence satisfied the *corpus delicti* rule based on defendant's confession to four incidents of fellatio with his minor niece and the State provided sufficient evidence of the trustworthiness of defendant's confession to all four incidents.

2. **Sexual Offenses— with child—disjunctive jury instruction**

The Court of Appeals erred by granting defendant a new trial for two convictions of sexual offense with a child. The disjunctive jury instruction was not error because the State presented evidence of four incidents of fellatio.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 718 S.E.2d 655 (2011), finding no error in part in judgments entered on 2 July 2010 by Judge James U. Downs in Superior Court, Buncombe County, and ordering a new trial in part. On 8 December 2011, the Supreme Court allowed the State's petition for discretionary review of an additional issue. Heard in the Supreme Court on 16 April 2012.

*Roy Cooper, Attorney General, by Margaret A. Force, Assistant Attorney General, for the State-appellee/appellant.*

*Russell J. Hollers III for defendant-appellant/appellee.*

PARKER, Chief Justice.

The issue in this case is whether the Court of Appeals erred by holding that the State's evidence satisfied the *corpus delicti* rule and by granting defendant a new trial for two convictions of sexual offense with a child. For the reasons stated herein, we affirm the decision of the Court of Appeals in part and reverse in part.

Defendant, then forty-four years old, was arrested on 2 April 2009, following an investigation and his confession to sexual misconduct with his niece, then ten years old. Defendant was indicted for one count of rape of a child under N.C.G.S. § 14-27.2A(a), two counts of first-degree statutory sexual offense under N.C.G.S. § 14-27.4(a)(1), two counts of sexual offense with a child under N.C.G.S. § 14-27.4A(a), and five counts of indecent liberties with a child under N.C.G.S. § 14-202.1. Defendant was convicted of all charges and gave timely notice of appeal to the Court of Appeals.

At trial the State's evidence tended to show the following. In 2007, Tammy[1] was eight years old, in third grade, and living in a house on Brickyard Road in Asheville, North Carolina, with her adoptive mother, her adoptive mother's husband, her adoptive mother's daughter, and her uncle ("defendant") and his family. At some point during Tammy's third grade year, defendant began a pattern of sexual misconduct with Tammy when he unzipped his pants and pulled out his "private," and she touched his penis with her hands. On another occasion defendant touched her "boobs" with his hands in his bedroom of the house on Brickyard Road. In December 2008, defendant and his family moved to an apartment, but the pattern of abuse continued. Tammy testified that during her winter break that year, defend-

---

1. A pseudonym is used to protect the identity of the minor.

ant made her view pornographic movies and pictures with him. On 5 March 2009, Tammy's adoptive mother left her with defendant at his apartment. Defendant called Tammy to a bedroom and told her to lie down on the bed, and then he had both anal and vaginal intercourse with her and forced her to perform fellatio on him. Tammy testified that this was not the only instance of anal intercourse.

Tammy did not report defendant's conduct until 25 March 2009, when she wrote a note to her fourth grade teacher. The note stated that defendant "stuck his —— in mine. He kissed me and some other things. He did it to me since I was in the third grade. He also showed me some movies of it and his name is Big Tim." The Buncombe County Department of Social Services promptly began an investigation.

Later that same day, Child Protective Services Investigator Christine Nicholson interviewed Tammy, and her testimony was admitted at trial to corroborate Tammy's. Investigator Nicholson testified that Tammy told her that defendant's pattern of behavior began when she was in third grade, that defendant touched her "in the wrong way," that defendant engaged in anal intercourse, fellatio, and vaginal intercourse with her, and that defendant touched her "boobies."

On 26 March, the day following Tammy's report, Investigator Nicholson and Detective David Shroat of the Buncombe County Sheriff's Office interviewed defendant. Defendant initially denied the allegations, although he said that he had lived with Tammy and her family for six years and had babysat for her several times, both before and after he moved to the apartment.

On 27 March, registered nurse Cindy McJunkin ("Nurse McJunkin"), interviewed Tammy, and a video recording of the interview was played for the jury for corroborative purposes. During the interview, Tammy told Nurse McJunkin that on 5 March 2009, defendant engaged in fellatio and vaginal and anal intercourse with her. Tammy related at least three other incidents when defendant engaged in fellatio with her. Tammy declared that defendant often engaged in sexual conduct with her after school but before her parents got home.

On 30 March, defendant was questioned again. A third officer questioned defendant while Detective Shroat and Investigator Nicholson observed through a three-way mirror and watched and listened via a video and audio screen. The interview was not recorded. According to Detective Shroat, at this time defendant admitted to having had sex with [Tammy] on one occasion." Investigator

Nicholson testified that defendant "admitted having sexual contact with [Tammy], including anal and oral sex on approximately four occasions." After defendant finished his oral confession, he provided the following handwritten statement at Detective Shroat's request:

> Brickyard Road. She pulled out my p-e-n-d-s and sucked it. I said "no" but she wanted to t-y-e it. She l-e-n-k-s it. I had s-a-i-n-d "no," but she want to, so she did it. For s-u-o-c-d That happened two times. She put my p-l-a-n-s in her butt. B-e-a-c-k part we play on the bed and [Tammy] put her hand down in my pants, pull it out and t-y-e it or can I s-a-n-d, but she want to. I know she it out again. I s-a-i, "This is not r-i-n-t" to her. She s-u-i-n-d things. She tried to put it in her butt that day.

At trial the prosecutor questioned Investigator Nicholson about the content of the written statement, and she responded that the written statement "was a small portion of what he said, that he said more than he wrote."

On appeal to the Court of Appeals, defendant argued that the trial court erred in denying his motion to dismiss three of the four sexual offense charges. Defendant also argued that the trial court erred in instructing the jury on the sexual offense charges.

A divided panel of the Court of Appeals affirmed the trial court's denial of defendant's motion to dismiss, but agreed with defendant that the jury instructions were improper. *State v. Sweat*, —— N.C. App. ——, ——, 718 S.E.2d 655, 661-62 (2011). Relying on this Court's opinions in *State v. Smith*, 362 N.C. 583, 669 S.E.2d 299 (2008), and *State v. Parker,* 315 N.C. 222, 337 S.E.2d 487 (1985), the court below concluded that defendant's confession provided substantial evidence such that the trial court did not err in denying defendant's motion to dismiss. *Sweat*, —— N.C. App. at ——, 718 S.E.2d at 658-61. In *Parker* this Court held that under the *corpus delicti* rule, the State can rely solely on the defendant's confession to obtain a conviction in non-capital cases if the confession "is supported by substantial independent evidence tending to establish its trustworthiness, including facts that tend to show the defendant had the opportunity to commit the crime." 315 N.C. at 236, 337 S.E.2d at 495. However, we emphasized that if "independent proof of loss or injury is lacking, there must be *strong* corroboration of *essential* facts and circumstances embraced in the defendant's confession." *Id.* The Court of Appeals reasoned here that since (1) defendant's confession established all the elements of fellatio; (2) Tammy informed two different people on two

different occasions that fellatio had occurred; and (3) "defendant was convicted of and does not contest on appeal numerous other criminal sexual acts occurring within the same time frame and with the same victim which were part of the same sexual encounters as the fellatio," defendant's confession was strongly corroborated as to two instances of fellatio. *Sweat,* —— N.C. App. at ——, 718 S.E.2d at 660-61.

However, the majority below held that the trial court erred in instructing the jury. *Sweat,* —— N.C. App. at ——, 718 S.E.2d at 661. The trial judge instructed the jury that for it to find defendant guilty of the four sexual offense charges, it must find that he engaged in "either anal intercourse and/or fellatio." Relying on *State v. Lampkins,* 283 N.C. 520, 523, 196 S.E.2d 697, 699 (1973), the Court of Appeals declared that, for the judge to use the disjunctive instruction for all four sexual offense charges, the State must have presented evidence of four instances of fellatio. *Sweat,* —— N.C. App. at ——, 718 S.E.2d at 661. The majority below held that, the State having presented evidence of only two instances of fellatio, defendant was prejudiced by the disjunctive jury instruction, and it ordered a new trial for his two convictions for sexual offense with a child. *Id.* at ——, 718 S.E.2d at 661.

The dissent below concluded that the *corpus delicti* rule was not satisfied with respect to the sexual offense charges based on fellatio. *Sweat,* —— N.C. App. at ——, 718 S.E.2d at 664 (Hunter, Jr., Robert N.,J., dissenting). Judge Hunter would have held that Investigator Nicholson's and Nurse McJunkin's statements that were introduced solely to corroborate Tammy's testimony could not be used to corroborate defendant's confession. *Id.* at ——, 718 S.E.2d at 663-64. Concluding that there had been no evidence of fellatio and that the jury instructions in the disjunctive nevertheless included fellatio, Judge Hunter would have granted a new trial on all four sexual offense charges. *Id.* at ——, 718 S.E.2d at 664-65. Defendant appealed as of right based on the dissent, and we granted the State's petition for discretionary review of the Court of Appeals' decision.

Before this Court defendant argues that the Court of Appeals erroneously affirmed the trial court's denial of his motion to dismiss two of the four sexual offense charges and that an improper jury instruction entitles him to a new trial on all four sexual offense charges. We disagree. Because defendant confessed to four incidents of fellatio with Tammy and the State presented sufficient evidence of the trustworthiness of defendant's confession to all four incidents,

the *corpus delicti* rule was satisfied, and defendant's motion to dismiss was properly denied. Furthermore, because the State presented evidence of four incidents of fellatio, the disjunctive jury instruction was not error.

**[1]** Asserting that the State presented insufficient evidence of fellatio, defendant first argues that his motion to dismiss the two sexual offense charges based on fellatio should have been granted. Defendant was charged with two counts of first-degree statutory sexual offense under N.C.G.S. § 14-27.4(a)(1) and two counts of sexual offense with a child under N.C.G.S. § 14-27.4A(a). Under both statutes defendant can be convicted for engaging in a sexual act "with a victim who is a child under the age of 13 years." *See* N.C.G.S. §§ 14-27.4(a)(1), -27.4A(a) (2011). A "[s]exual act" includes fellatio. N.C.G.S. § 14-27.1(4) (2011). "Fellatio is defined as 'any touching of the male sexual organ by the lips, tongue, or mouth of another person.' " *Smith*, 362 N.C. at 593, 669 S.E.2d at 306 (quoting *State v. Johnson*, 105 N.C. App. 390, 393, 413 S.E.2d 562, 564, *appeal dismissed and disc. rev. denied*, 332 N.C. 348, 421 S.E.2d 158 (1992)).

Upon a defendant's motion to dismiss for insufficient evidence, "the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged . . . and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citing *State v. Roseman*, 279 N.C. 573, 184 S.E.2d 289 (1971), and *State v. Mason*, 279 N.C. 435, 183 S.E.2d 661 (1971)). "The evidence is to be considered in the light most favorable to the State," and "the State is entitled to . . . every reasonable inference to be drawn therefrom." *Id.* at 99, 261 S.E.2d at 117 (citing *State v. Thomas*, 296 N.C. 236, 250 S.E.2d 204 (1978), and *State v. McKinney*, 288 N.C. 113, 215 S.E.2d 578 (1975)).

Here the State relies solely on defendant's confession for the sexual offense charges based on fellatio. On 30 March 2009, following an interview, defendant confessed to four instances of fellatio with Tammy. As noted earlier, defendant produced the following written confession, which itself describes two instances of fellatio:

> Brickyard Road. She pulled out my p-e-n-d-s and sucked it. I said "no" but she wanted to t-y-e it. She l-e-n-k-s it. I had s-a-i-n-d "no," but she want to, so she did it. For s-u-o-c-d. That happened two times. She put my p-l-a-n-s in her butt. B-e-a-c-k part we play on the bed and [Tammy] put her hand down in my pants, pull it out

and t-y-e it or can I s-a-n-d, but she want to. I know she it out again. I s-a-i, "This is not r-i-n-t" to her. She s-u-i-n-d things. She tried to put it in her butt that day.

Investigator Nicholson, who observed the interview, testified that defendant confessed to two additional instances of fellatio with Tammy. Such testimony may be admitted as substantive evidence as an admission by a party-opponent. N.C.G.S. § 8C-1, Rule 801(d) (2011); State v. Gregory, 340 N.C. 365, 401, 459 S.E.2d 638, 658 (1995) ("A statement made by [the] defendant and offered by the State against him is admissible as an exception to the hearsay rule as a statement of a party-opponent."), cert. denied, 517 U.S. 1108, 134 L. Ed. 2d 478 (1996). Specifically, Investigator Nicholson testified that defendant admitted during his interview that he had "sexual contact with [Tammy], anal and oral sex, on approximately four occasions, the last incident occurring when [Tammy] stayed at his [apartment]," and that defendant's written statement "was a small portion of what he said, that he said more than he wrote." In the light most favorable to the State, the State produced substantial evidence of four sexual offenses based on fellatio through defendant's confession.

However, because the State relies solely on defendant's confession, the State must meet the additional burden imposed by the corpus delicti rule. See Parker, 315 N.C. at 236, 337 S.E.2d at 495. The corpus delicti rule imposes different burdens on the State depending on whether there is independent proof of loss or injury. Id. If there is independent proof of loss or injury, the State must show that "the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness, including facts that tend to show the defendant had the opportunity to commit the crime." Id. However, if there is no independent proof of loss or injury, "there must be strong corroboration of essential facts and circumstances embraced in the defendant's confession. Corroboration of insignificant facts or those unrelated to the commission of the crime will not suffice." Id. Here, the State's only substantive evidence for the four sexual offenses based on fellatio is defendant's confession, so the State must strongly corroborate essential facts and circumstances embraced in defendant's confession.

Under the totality of the circumstances, the State strongly corroborated essential facts and circumstances embraced in defendant's confession. Defendant had ample opportunity to commit the crimes; he confessed to details likely to be known only to the perpetrator; incidents of fellatio fit within the pattern of defendant's other crimes

against Tammy; and Tammy related four incidents of fellatio to third parties in extrajudicial statements.

First, defendant had ample opportunity to commit the crimes, and opportunity to commit a crime was considered relevant in both *Parker* and *Smith.* In *Parker* the defendant was shown to have had the opportunity to commit the crime when both the confession and independent corroborative evidence placed the defendant and the victims at the same places at the same times. 315 N.C. at 236-38, 337 S.E.2d at 495-96 (holding that the State met its burden under the *corpus delicti* rule as to a confessed second armed robbery where evidence of two murders and one armed robbery placed the defendant at the same crime scene at the same time the second armed robbery was committed). Similarly, in *Smith* we found relevant, but not sufficient, that the defendant and the victim were alone in the same room at the time the alleged sexual offense took place. 362 N.C. at 595-96, 669 S.E.2d at 308 (holding that the "opportunity evidence" was "not strong enough" for the State to meet its burden with respect to first-degree sexual offense in light of the fact that the victim twice denied that a sexual offense occurred).

In this case defendant's opportunity to engage in fellatio with Tammy corroborates his confession. Defendant has a familial relationship with Tammy and he lived in the same house with her while she was in third grade, when some of the sexual offenses occurred. Even after defendant moved out of the house in 2008, Tammy spent time with him, including when her adoptive mother went to play bingo on 5 March 2009, the date of a purported sexual offense based on fellatio. Furthermore, defendant admitted that he would sometimes babysit Tammy, and defendant often had access to Tammy when Tammy's adoptive mother was not around. Defendant's opportunity to engage in the four sexual offenses based on fellatio corroborates essential facts embodied in the confession.

Second, the confession's trustworthiness is supported in that, as in *Parker*, defendant's confession evidenced familiarity with corroborated details likely to be known only by the perpetrator. In *Parker* the defendant corroborated numerous details, including the number of times each victim was shot; that one victim was both shot and stabbed; that both victims' bodies were disposed of in the Tar River; that one victim's body was disposed of by having a cinder block attached to its leg with a green clothesline; and that the body of the other victim was disposed of by having a concrete block attached to the ankle with a lightweight chain. 315 N.C. at 237, 337 S.E.2d at 495-96.

Here defendant's confession and the corroborating evidence show that defendant was familiar with details related to the crimes likely to be known only by the perpetrator. Tammy's testimony and extrajudicial statements agree that vaginal intercourse occurred and that it occurred only once; that anal intercourse occurred more than once; that some sexual acts occurred at the house on Brickyard Road; and that the last incident was on 5 March 2009. Defendant's familiarity with these details corroborates the trustworthiness of defendant's confession to four incidents of sexual offense based on fellatio.

Third, defendant's confession to four incidents of sexual offense based on fellatio fits within his pattern of sexual misconduct with Tammy. Tammy's testimony provides evidence of statutory rape and sexual offense based on anal intercourse. Tammy also testified to numerous instances of indecent liberties with a child, including multiple instances in which defendant touched her "boobs," occasions when defendant watched pornographic movies with her, and other times when defendant made her look at pornographic pictures. That incidents of fellatio would fit within this pattern of conduct corroborates defendant's confession.

Fourth, the confession's trustworthiness is corroborated by Tammy's extrajudicial statements to Investigator Nicholson and Nurse McJunkin describing instances of fellatio with defendant. Tammy reported to Investigator Nicholson that on 5 March 2009, defendant engaged her in fellatio. Additionally, a videotape of Tammy's 27 March 2009 interview with Nurse McJunkin was played for the jury in which Tammy described four separate instances of fellatio with defendant. During this interview Tammy related that the 5 March 2009 incident included fellatio; that the first incident of sexual conduct with defendant, which occurred when her adoptive mother went to play bingo, involved fellatio; that defendant engaged in fellatio with Tammy once in the den of the house on Brickyard Road while her adoptive mother was either at the store or at work; and that defendant engaged in fellatio with Tammy on another occasion during the summer on the day before she went to Dollywood. Tammy's extrajudicial statements strongly corroborate defendant's confession to four incidents of fellatio.

Defendant asserts that the victim's extrajudicial statements introduced as corroborative evidence of her testimony cannot be used to corroborate his confession. We disagree. In *Smith* we held that the alleged victim's extrajudicial statement denying that the defendant

committed a first-degree sexual offense against her was relevant in holding that the State did not meet its burden under the *corpus delicti* rule as to that charge. 362 N.C. at 593, 669 S.E.2d at 306; *see also State v. Gerlaugh*, 134 Ariz. 164, 170, 654 P.2d 800, 806 (1982) (en banc) (stating that one codefendant's extrajudicial statement was relevant for purposes of the *corpus delicti* rule even though the jury could not consider the statement to determine the defendant's guilt). Indeed, in *Smith* we reviewed "the entirety of the record" in holding that there was strong corroboration of the defendant's confession to the indecent liberties charge. 362 N.C. at 598, 669 S.E.2d at 309. Whether a confession is sufficiently corroborated under the *corpus delicti* doctrine is a legal question of admissibility to be determined by the trial judge. 7 John Henry Wigmore, *Evidence* § 2073(4)(b), at 530 (James H. Chadbourn rev. 1978) ("[U]nder [the] rule requiring the existence of some corroborative evidence of the corpus delicti, it is for the *trial judge* to say whether there has been introduced such evidence . . . ."); *see also, e.g., State v. Hale*, 45 Haw. 269, 274, 367 P.2d 81, 85 (1961) ("[W]e consider the record as a whole at the close of the prosecution's case to see if the quantum of the proof of the corpus delicti was sufficient to justify the trial court's ruling admitting the [confession] into evidence."). Whether a defendant's confession satisfies the *corpus delicti* rule is a preliminary question of admissibility governed by Civil Procedure Rule 104(a). In ruling on this question of admissibility, a trial court "is not bound by the rules of evidence except those with respect to privileges." N.C.G.S. § 8C-1, Rule 104(a) (2011). Therefore, in considering the admissibility of a defendant's confession for a particular crime when the confession is the only evidence proffered by the State for that particular crime, hearsay statements can be considered in determining if the confession satisfies the *corpus delicti* rule. Thus, the Court of Appeals properly considered Tammy's extrajudicial statements.

Defendant asserts that the trustworthiness of the confession is not established, contending that, like the victim in *Smith*, Tammy twice denied that a sexual offense involving fellatio occurred. We disagree. In *Smith* a critical fact was the victim's denial on two occasions that a first-degree sexual offense had occurred. 362 N.C. at 593, 669 S.E.2d at 306. In contrast, Tammy never specifically denied that fellatio occurred, either at trial or in an extrajudicial statement. Defendant asserts that Tammy's responses to two of the prosecutor's questions amounted to an express denial that fellatio occurred with defendant. The first question inquired into what part of Tammy's body touched

**STATE v. SWEAT**

[366 N.C. 79 (2012)]

defendant's penis, to which Tammy replied, "My hands." The second question inquired into whether any part of Tammy's body other than her hands touched defendant's penis, to which she replied, "No." Defendant's assertion takes Tammy's response out of context and conflicts with Tammy's testimony regarding rape and anal intercourse. The record discloses that Tammy interpreted the verb "touch" as requiring that Tammy have initiated the action. Tammy described the rape and sexual offense by anal intercourse, respectively, as follows: "what *he* was doing to me," which was "[p]utting his private in mine"; and "*he* put it in my butt." (Emphases added.) Further, in Tammy's extrajudicial statements regarding fellatio, Tammy declared that "*he* made me suck his private." (Emphasis added.) For the above reasons, we hold that the State met its burden under the *corpus delicti* rule.

**[2]** Defendant next argues that the trial judge erroneously instructed the jury by including fellatio in the jury instructions for all four charges of sexual offense when there was insufficient evidence of fellatio. We disagree. "A trial judge should never give instructions to a jury which are not based upon a state of facts presented by some reasonable view of the evidence. When such instructions are prejudicial to the accused he would be entitled to a new trial." *Lampkins*, 283 N.C. at 523, 196 S.E.2d at 699 (citations omitted). However, as discussed above, the State presented evidence of four instances of fellatio in the form of defendant's corroborated confession. Thus, we overrule defendant's assignment of error and hold that the Court of Appeals erred in ordering a new trial for two of defendant's sexual offense convictions.

For the reasons stated herein, the decision of the Court of Appeals is affirmed in part and reversed in part.

AFFIRMED IN PART AND REVERSED IN PART.