DIETZ, Judge, concurring.
I take issue with two portions of the majority opinion. First, although I concur in the result of the majority's hearsay analysis, I disagree with the reasoning. As the majority acknowledges, our Supreme Court has held that plain error review does not apply "to issues which fall within *126 the realm of the trial court's discretion." State v. Steen , 352 N.C. 227, 256, 536 S.E.2d 1, 18 (2000). But that *919 does not mean-as the majority holds-that this Court reviews those unpreserved arguments under the ordinary abuse of discretion standard. Under Steen , if an issue is unpreserved and is not subject to plain error review, that issue is "waived" and cannot be reviewed on appeal at all. Id. Thus, these unpreserved hearsay issues should either be reviewed for plain error or deemed waived-they should not be reviewed for abuse of discretion as if they were properly preserved.
Second, I am concerned by the application of the corpus delicti rule in this case. As the constitutional protections against coerced and unreliable confessions have strengthened, the justification for this common law principle has eroded. The rule still serves an obvious purpose when there is nothing to corroborate the defendant's confession at all. Consider, for example, a defendant confessing to sexually abusing his daughter when the daughter has no memory of the assault and there is no other evidence that a crime occurred.
Here, by contrast, the jury heard evidence that the victim repeatedly told family members and others that "daddy put his weiner in my coochie." Thus, the defendant's confession is far from the only evidence that a sex crime occurred in this case. But, because of the victim's young age, she could not provide more details of the specific sex acts at the time and, by trial, she could not remember the incidents at all. Thus, this seems like the sort of case in which the defendant's confession is sufficiently reliable to fill in the gaps in the victim's memory without running afoul of the corpus delicti rule.
But our Supreme Court implicitly rejected this relaxed view of corpus delicti in State v. Sweat , 366 N.C. 79, 82-83, 727 S.E.2d 691, 694 (2012). There, the ten-year-old victim testified that the defendant engaged in vaginal and anal intercourse with her. Id. at 87, 727 S.E.2d at 696. The defendant also confessed to four acts of fellatio with the victim. Id. The Supreme Court held that the confession could support the additional convictions only if there was "strong corroboration of essential facts and circumstances embraced in the defendant's confession." Id. at 85, 727 S.E.2d at 695 (emphasis in original). That test was met in Sweat because the defendant "confessed to details likely to be known only to the perpetrator," the crimes to which the defendant confessed "fit within the pattern of defendant's other crimes," and the victim had described the incidents of fellatio "to third parties in extrajudicial statements." Id. at 85-86, 727 S.E.2d at 696.
*127 None of these factors are present here. Moreover, if the mere fact that the child victim testified to other, different sexual acts with the defendant were enough standing alone to overcome the corpus delicti rule, the Supreme Court in Sweat would not have engaged in a lengthy analysis of these other factors. Thus, I agree with the majority that the corpus delicti rule requires that we vacate the statutory sexual offense and indecent liberties convictions in this case. But I question whether the Supreme Court intended this result when it decided Sweat .