STATE OF NORTH CAROLINA v. MICHAEL LEON ALSTON

No. COA97-1316

(Filed 1 December 1998)

1. **Evidence— hearsay—statement by child—admissible to explain subsequent conduct of officer**

The trial court did not err in prosecution for the possession of a firearm by a felon by admitting the statement "Daddy's got a gun" made by a child in the car in which defendant was riding. The trial court specifically instructed the jury that the statement was not to be used to prove its truth, but only as it bore on the state of mind of the police officer and to explain his subsequent conduct.

2. **Appeal and Error— appealability—no objection at trial—not addressed as plain error**

The issue of plain error in the introduction of the nature of the prior conviction in a prosecution for the possession of a

STATE v. ALSTON

[131 N.C. App. 514 (1998)]

firearm by a felon was not reviewed where defendant objected when the State first attempted to introduce the evidence through the testimony of an officer, but did not object when the State brought the prior conviction into evidence through the testimony of a deputy clerk and did not specifically and distinctly address the issue of plain error in his brief.

### 3. Firearms and Other Weapons— possession of firearm by felon—constructive possession

The trial court erred by denying defendant's motion to dismiss charges of possession of a firearm by a felon where defendant was a passenger in the front seat of his brother's automobile, which was being driven by his wife, and a handgun owned by his wife was found lying on the console. Both defendant and his wife had equal access to the handgun, but there was no evidence otherwise linking the handgun to defendant.

Appeal by defendant from judgment dated 11 April 1997 by Judge W. Douglas Albright in Randolph County Superior Court. Heard in the Court of Appeals 25 August 1998.

*Attorney General Michael F. Easley, by Associate Attorney General Stewart L. Johnson, for the State.*

*James Hill, Jr. for defendant appellant.*

GREENE, Judge.

Michael L. Alston (Defendant) appeals from his conviction of Possession of a Firearm by a Felon.

On 26 July 1997, Defendant was riding in an automobile driven by his wife, Krystal Alston (Mrs. Alston), in Asheboro, North Carolina. Three infants were also in the vehicle. Mrs. Alston stopped the vehicle in a nearby parking lot, and Officer Scott Messenger (Officer Messenger) of the Asheboro Police Department approached the vehicle by foot. Officer Messenger alleges that he approached the vehicle because he noticed that the children in the automobile were not properly restrained. As he questioned Mrs. Alston about her driver's license and vehicle registration, one of the children in the vehicle said, "Daddy's got a gun." Officer Messenger walked around to the passenger side where Defendant was sitting, and saw, in plain view, a .22 caliber pistol on the transmission console of the vehicle. He asked Defendant to hand him the gun, and Defendant complied. Shortly

thereafter, Officer Messenger placed Defendant under arrest for Possession of a Firearm by a Felon.

The car in which Defendant was riding was registered to his brother Ricky Alston, and the handgun retrieved by Officer Messenger was purchased by and registered to Mrs. Alston.

At trial, Defendant objected to the introduction of the child's statement into evidence. Upon introduction of the statement into evidence, the trial court specifically instructed the jury that "the declaration of [the] child . . . may not be considered by you as evidence of the truth of what was said on that occasion . . . . You . . . may consider such a statement insofar as you find that it bears upon the state of mind of [Officer Messenger] and explains his later conduct." The trial court further warned the jury to "consider [the statement] for *no other purposes*." (emphasis added). During its jury charge, the court declined Defendant's request for it to re-instruct the jury regarding the use of the infant's statement.

Defendant also objected to the trial court allowing the jury to hear of his specific previous felony. The State first attempted to present this evidence through Officer Messenger, and Defendant made a timely objection on hearsay grounds. Later in the trial, the State presented Defendant's prior conviction of possession of a controlled substance with intent to manufacture, sell, or deliver through the testimony of the deputy clerk of the Superior Court. Defendant failed to object to this testimony. Because he had stipulated to the authenticity of the conviction, Defendant challenges both the trial court allowing the State to reveal the specific nature of his previous conviction, and also the trial court referring to the conviction in the jury instructions. The trial court's instructions limited the jury's use of Defendant's prior conviction solely to prove the "felon" element of the offense, and clarified the purpose for which the prior conviction evidence was admitted.

At the close of the State's evidence, Defendant moved to dismiss the case, arguing that the State had not offered sufficient evidence to prove that Defendant had constructive possession of the firearm, an essential element of the offense. This motion was denied. At the close of all the evidence, Defendant renewed his motion to dismiss the case, which also was denied. The jury returned a guilty verdict, and Defendant was sentenced to a minimum of four and maximum of five months in prison.

The issues are whether: (I) the infant's statement, "Daddy's got a gun," was inadmissible hearsay; (II) Defendant's underlying prior conviction should have been revealed to the jury; and (III) there was substantial evidence of Defendant's possession, control, or custody of the handgun.

I

[1] Defendant first argues that the trial court's admission of the child's out-of-court statement, "Daddy's got a gun," was error because the statement constitutes hearsay evidence and does not fall within any of the statutory exceptions. We disagree.

We reject Defendant's argument because the evidence was not admitted for the truth of the matter asserted and thus does not constitute hearsay evidence. *State v. White*, 298 N.C. 430, 437, 259 S.E.2d 281, 286 (1979) (statement offered for any purpose other than that of proving the truth of the matter asserted is not objectionable as hearsay). The trial court specifically instructed the jury, at the time the statement was offered into evidence, that the statement was not to be used to prove its truth, but to be used only to the extent it would bear on the state of mind of Officer Messenger, and explain his subsequent conduct. Furthermore, the failure of the trial court to again inform the jury in its final instructions of the limited use of the child's statement is not material. *State v. Crews*, 284 N.C. 427, 440, 201 S.E.2d 840, 849 (1974) (when proper limiting instructions are given when the evidence is admitted, the judge is not required to repeat these instructions in the jury charge).

II

[2] Defendant next argues that the trial court erred in allowing the State to reveal, to the jury, the specific nature of his previous conviction of possession of a controlled substance with intent to manufacture, sell, or deliver. We do not address the merits of this argument because the issue has not been preserved properly.

"In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion stating the specific grounds for the ruling the party desired the court to make . . . ." N.C.R. App. P. 10(b)(1). Additionally, where a party has not preserved a question for review, he must specifically and distinctly allege that the trial court's action amounted to plain error in order to have the error reviewed on appeal. *See* N.C.R. App. P.

10(c)(4); *State v. Oliver,* 309 N.C. 326, 307 S.E.2d 304 (1983); *State v. Hamilton,* 338 N.C. 193, 449 S.E.2d 402 (1994).

In this case, Defendant promptly objected when the State first attempted to introduce his prior conviction evidence through the testimony of Officer Messenger. Defendant failed to object, however, when the State brought the prior conviction record and judgment into evidence through the testimony of the deputy clerk of the Superior Court. Accordingly, Defendant has waived any objection to this evidence. Furthermore, because Defendant has not specifically and distinctly addressed the issue of plain error in his brief to this Court, we will not review whether the alleged error rises to the level of plain error.

## III

**[3]** Defendant finally argues that there is insufficient evidence of his possession of the handgun, thus requiring the allowance of his motion to dismiss.

A motion to dismiss should be denied if there is substantial evidence to support each essential element of the offense charged. *State v. Roseborough,* 344 N.C. 121, 126, 472 S.E.2d 763, 766 (1996) (quoting *State v. Quick,* 323 N.C. 675, 682, 375 S.E.2d 156, 160 (1989)). "Substantial evidence is evidence from which any rational trier of fact could find the fact to be proved beyond a reasonable doubt." *State v. Sumpter,* 318 N.C. 102, 108, 347 S.E.2d 396, 399 (1986). The essential elements of the crime of "possession of a firearm by a felon" are: (1) the purchase, owning, possession, custody, care, or control; (2) of a "handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches, or any weapon of mass death and destruction as defined in G.S. 14-288.8(c)"; (3) by any person having a previous conviction of any crime defined in N.C. Gen. Stat. § 14-415.1(b); and (4) provided the owning, possession, *etc.* occurs "within five years from the date of [the previous] conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later." N.C.G.S. § 14-415.1(a) (Supp. 1997).

In this case, Defendant only disputes the evidence relating to the first element of the offense, *i.e.*, his ownership, possession, *etc.* of the handgun, and we therefore only address that issue. There is no evidence that Defendant owned or purchased the handgun; indeed, the evidence is that Defendant's wife purchased and owned the handgun.

**STATE v. ALSTON**

[131 N.C. App. 514 (1998)]

The dispositive question is whether Defendant possessed, controlled, or had the handgun in his custody and care.

Possession of any item may be actual or constructive. Actual possession requires that a party have physical or personal custody of the item. 28 C.J.S. *Drugs and Narcotics* § 170, at 773 (1996). A person has constructive possession of an item when the item is not in his physical custody, but he nonetheless has the power and intent to control its disposition. *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). Possession of an item may be either sole or joint, *State v. Allen*, 279 N.C. 406, 412, 183 S.E.2d 680, 684 (1971); however, joint or shared possession exists only upon a showing of some independent and incriminating circumstance, beyond mere association or presence, linking the person(s) to the item, *State v. Givens*, 95 N.C. App. 72, 76, 381 S.E.2d 869, 871 (1989); 28 C.J.S. *Drugs and Narcotics* § 171, at 778-80 (1996).

In this case, the handgun was found lying on the console (between the passenger and driver's seats) of Defendant's brother's automobile being driven by Defendant's wife. The handgun was purchased and owned by Defendant's wife and Defendant was a passenger in the front seat of the automobile. Both Defendant and his wife had equal access to the handgun, but there is no evidence otherwise linking the handgun to Defendant. *Cf. State v. James*, 81 N.C. App. 91, 344 S.E.2d 77 (1986) (holding that mere presence in a room where drugs are located does not in itself support an inference of constructive possession). Furthermore, we are not persuaded that the purchase and ownership of the handgun by Defendant's wife is sufficient other incriminating evidence linking Defendant to the handgun.[1] Accordingly, there is not substantial evidence in this record that Defendant had the possession, control, or custody of the handgun. Defendant's motion to dismiss, therefore, should have been allowed, and the trial court erred in denying the motion.

Reversed.

Judges TIMMONS-GOODSON and SMITH concur.

---

1. As discussed earlier, the trial court ruled that the infant's statement, "Daddy's got a gun," only could be used to explain Officer Messenger's conduct. Thus, this statement cannot be used to prove constructive possession.