STATE v. COX

[222 N.C. App. 192 (2012)]

STATE OF NORTH CAROLINA v. RONALD PRINCEGERALD COX

No. COA11-609-2

(Filed 7 August 2012)

**1. Firearms and Other Weapons—possession of firearm by felon—constructive possession—extrajudicial confession alone not enough**

The trial court erred by denying defendant's motion to dismiss the charge of possession of a firearm by a felon based on insufficient evidence. The mere fact that defendant was in a car next to where a gun was found was not enough to establish constructive possession. Further, defendant's extrajudicial confession alone was not sufficient to support the charge.

**2. Evidence—police testimony—green vegetable matter was marijuana—observation—training—experience**

The trial court did not err in a possession of marijuana case by allowing two police officers to testify that the green vegetable matter found in defendant's lap was marijuana based on their observation, training, and experience.

On remand by order of the North Carolina Supreme Court to reconsider the unanimous decision of the Court of Appeals, *State v. Cox*, ____ N.C. App. ____, 721 S.E.2d 346 (2012), in light of the decision of the North Carolina Supreme Court in *State v. Sweat. State v. Sweat*, 2012 N.C. LEXIS 416 (N.C. June 14, 2012). Originally heard in the Court of Appeals 9 November 2011.

*Attorney General Roy Cooper, by Assistant Attorney General LeAnn Martin, for the State.*

*Irving Joyner for defendant.*

ELMORE, Judge.

This case comes before us on remand from the North Carolina Supreme Court for reconsideration in light of the decision in *State v. Sweat*, 2012 N.C. LEXIS 416 (N.C. June 14, 2012). This opinion supercedes our earlier opinion. Upon reconsideration, we affirm our original decision. We find error as to defendant's conviction for possession of a firearm by a felon and no error as to his conviction for possession of marijuana. We reverse in part, find no error in part, and remand for resentencing.

Ronald Princegerald Cox (defendant) was found guilty by a jury of possession of a firearm by a felon and possession of marijuana (greater than 0.5 ounces to 1.5 ounces). He now appeals.

The Goldsboro Police Department conducted a DWI checkpoint from 11:00 p.m. on 30 October 2009 until 3:00 a.m. on 31 October 2009. The checkpoint was at the intersection of Central Heights and Highway 13 North; the validity of the checkpoint is not at issue in this case. At approximately 1:35 a.m. on 31 October 2009, Officer William VanLenten saw a white Chevrolet Impala traveling north on Highway 13; the car then slowed and pulled into the driveway of a residence. Officer VanLenten knew that the car did not belong to the residence's owner, so he followed the car into the driveway. As he approached the car, he saw the driver, a black male, jump out of the car and travel by foot towards the back of the residence. The driver left the car door open. Officer VanLenten saw three passengers sitting in the car. Two were in the back seat, and defendant was sitting in the front passenger seat. Officer VanLenten saw that defendant had a sheet of white paper in his lap, with a cigar wrapper and some green vegetable matter that Officer VanLenten later identified as marijuana. Officer VanLenten observed defendant rolling the green vegetable matter into the cigar wrapper to form "some type of cigar or cigarette." When a second officer, Officer McNeil, arrived on the scene, he also observed the green vegetable matter on defendant's lap.

When Officer VanLenten examined the "flight path" of the car's driver, Brian White, he found a clear plastic bag containing other clear plastic bags, which each contained green leafy vegetable matter, later identified by Officer VanLenten as marijuana. He also found a .45 Taurus revolver. The revolver was lying in the grass about ten or twelve feet from the open driver's side door. The bag of marijuana was about three feet away from the revolver. Officer VanLenten observed that the gun was dry and warm to the touch, while the grass was wet with condensation. The outside temperature was "cool" and "most people were wearing long sleeves." Officer VanLenten did not observe defendant or the other three passengers throw anything out of the car windows.

Officer VanLenten found a second .45 Taurus revolver in the car at the feet of one of the passengers, James Darden; Darden claimed ownership of that revolver. However, nobody claimed ownership of either the baggies of marijuana or the other revolver. A national database search showed that the revolver that Officer VanLenten found in the grass did not belong to defendant or the other vehicle occupants;

it had been stolen from Sumter, Georgia. Officer VanLenten took defendant, White, and the third passenger, Deangelo Cox, into custody for possession of a stolen firearm and possession of marijuana. Officer McNeil took Darden into custody. Officer VanLenten also seized the paper, cigar wrapper, and green vegetable matter that he found on defendant's lap.

After Officer VanLenten took defendant, White, and Deangelo Cox to the police station, he informed them that if nobody took ownership of the revolver and the baggies of marijuana, they would all be charged. According to Officer VanLenten, defendant and White asked whether Deangelo Cox (defendant's younger brother) would be charged if they took ownership of the revolver and the drugs. At that point, Officer VanLenten read them their *Miranda* warnings and had them sign a form showing that they had been given their *Miranda* warnings. Officer VanLenten testified that, at 3:07 a.m., White "stated that the weed belonged to him," and, at 3:08 a.m., defendant "stated that the revolver belonged to him." He asked both White and defendant to write and sign statements, but both refused. He testified, "They said that that was enough, that that was all they were going to say."

After running defendant's record and learning that he had a felony conviction, Officer VanLenten charged defendant with possession of a firearm by a felon. He testified that, while he was completing the paperwork, he overheard defendant say that "he continued to roll his weed up because he knew they were about to be going to jail."

Defendant was sentenced as a Level II offender to a term of twelve to fifteen months' imprisonment for the felony firearm charge and the misdemeanor drug charge. He now appeals.

[1] Defendant first argues that the trial court erred by denying his motion to dismiss the firearm charge for insufficient evidence. We agree.

When a defendant moves for dismissal based on insufficiency of the evidence, the trial court must determine

> whether the State has presented substantial evidence of each essential element of the offense charged and substantial evidence that the defendant is the perpetrator. If substantial evidence of each element is presented, the motion for dismissal is properly denied. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.

*State v. Cross*, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997) (quotations and citations omitted). "In considering the motion, the trial court must view the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from the evidence, and resolving any contradictions in favor of the State." *State v. Anderson*, 181 N.C. App. 655, 659, 640 S.E.2d 797, 801 (2007) (citation omitted).

Under N.C. Gen. Stat. § 14-415.1, "[i]t shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm[.]" N.C. Gen. Stat. § 14-415.1(a) (2011). Here, there is no question that defendant has been convicted of a felony. The only element at issue is whether defendant owned or possessed the revolver.

> Possession of any item may be actual or constructive. Actual possession requires that a party have physical or personal custody of the item. A person has constructive possession of an item when the item is not in his physical custody, but he nonetheless has the power and intent to control its disposition.

*State v. Alston*, 131 N.C. App. 514, 519, 508 S.E.2d 315, 318 (1998) (citations omitted). Here, because the gun was not found on defendant's person, the State was required to offer evidence that defendant constructively possessed the revolver.

"When, as here, the defendant did not have exclusive control of the location where contraband is found, 'constructive possession of the contraband materials may not be inferred without other incriminating circumstances.'" *State v. Clark*, 159 N.C. App. 520, 525, 583 S.E.2d 680, 683 (2003) (quoting *State v. Brown*, 310 N.C. 563, 569, 313 S.E.2d 585, 589 (1984)). "[T]he mere fact that [a] defendant was in a car where a gun was found is insufficient standing alone to establish constructive possession." *Id.* (citing *Alston*, 131 N.C. App. at 519, 508 S.E.2d at 318). Thus, the mere fact that defendant was in a car *next to* where a gun was found is not enough to establish constructive possession.

Here, defendant allegedly confessed to Officer VanLenten that the gun belonged to him. However, defendant asserts that this confession was the only evidence that the State offered to establish possession or ownership, which was not sufficient because "the State may not rely solely on the extrajudicial confession of a defendant to prove his or her guilt; other corroborating evidence is needed to convict for a criminal offense." *State v. Smith*, 362 N.C. 583, 592, 669 S.E.2d 299,

305 (2008) (citation omitted). This is the "traditional" *corpus delicti* rule, and it is applicable in "cases in which there is some *evidence aliunde* the confession which, when considered with the confession, will tend to support a finding that the crime charged occurred." *State v. Trexler*, 316 N.C. 528, 532, 342 S.E.2d 878, 880 (1986).

> The rule does not require that the *evidence aliunde* the confession prove any element of the crime. The *corpus delicti* rule only requires *evidence aliunde* the confession which, when considered with the confession, supports the confession and permits a reasonable inference that the crime occurred. . . . The independent evidence must touch or be concerned with the *corpus delicti*.

*Id.* at 532, 342 S.E.2d at 880-81. In *Smith*, our Supreme Court explained the current bounds of the *corpus delicti* rule, particularly as it expanded the rule in *State v. Parker*, 315 N.C. 222, 337 S.E.2d 487 (1985):

> In *Parker*, North Carolina joined the national trend expanding the *corpus delicti* rule to allow a defendant's extrajudicial confession to sustain a conviction when the trustworthiness of the confession is substantiated by *evidence aliunde.* 315 N.C. 222, 337 S.E.2d 487. *Parker* held that in noncapital cases, a conviction can stand if "the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness, including facts that tend to show the defendant had the opportunity to commit the crime." *Id.* at 236, 337 S.E.2d at 495. Furthermore, *Parker* emphasizes "that when independent proof of loss or injury is lacking, there must be strong corroboration of essential facts and circumstances embraced in the defendant's confession." *Id.*

*Smith*, 362 N.C. at 592, 669 S.E.2d at 306. "The expanded rule enunciated in *Parker* applies in cases in which such independent proof is lacking but where there is substantial independent evidence tending to furnish strong corroboration of essential facts contained in defendant's confession so as to establish trustworthiness of the confession." *Trexler*, 316 N.C. at 532, 342 S.E.2d at 881 (citations omitted); *see, e.g., Parker*, 315 N.C. at 237, 337 S.E.2d at 495-96 (finding substantial corroborating evidence of the defendant's extrajudicial confession to two murders when the victims' bodies were found in the same condition described by the defendant in his confession, the murder weapon and bloody clothing were as described by the defendant, and one victim's wallet was recovered from a neighbor of the defendant's girlfriend). "Applying the more traditional definition of *corpus delicti*,

the requirement for corroborative evidence would be met if that evidence tended to establish the essential harm, and it would not be fatal to the State's case if some elements of the crime were proved solely by the defendant's confession." *Parker*, 315 N.C. at 232, 337 S.E.2d at 493.

In *State v. Sweat*, the Supreme Court held that defendant's confession provided substantial evidence such that the trial court did not err in denying defendant's motion to dismiss. *State v. Sweat*, 2012 N.C. LEXIS 416, at 6 (N.C. June 14, 2012). Defendant in *Sweat* confessed to engaging in sexual misconduct with Tammy, his then tenyear-old niece.[1] ____ N.C. App. at ____, 718 S.E.2d at 657. He also provided a written statement in which he confessed to having oral and anal sex with Tammy. *Id.* Defendant's verbal and written confessions contained details of oral and anal sex. While defendant's confession alone established substantial evidence of sexual offenses based on fellatio, the State must satisfy the additional requirements imposed by the *corpus delicti* rule by showing that "the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness." *Parker*, 315 N.C. 236, 337 S.E.2d at 495. The State offered evidence that Tammy related incidents of fellatio to multiple witnesses and Tammy's aunt testified at trial that defendant had the opportunity to commit the crime. *State v. Sweat*, 2012 N.C. LEXIS 416, at 13 (N.C. June 14, 2012). Given the totality of the circumstances, the Supreme Court found that defendant's confession was supported by substantial independent evidence and a strong corroboration of essential facts and circumstances, and thus the State properly relied on the confession and met the additional requirements of the *corpus delicti* rule. *State v. Sweat*, 2012 N.C. LEXIS 416, at 13 (N.C. June 14, 2012).

The instant case can be distinguished from *Sweat* on the issue of whether the State properly met the requirements of the *corpus delicti* rule when relying solely upon a defendant's confession as evidence. Here the alleged confession contained no details; the entirety of the confession, as conveyed by Officer VanLenten, was that defendant owned the gun. Thus, any corroborative evidence under either test would have to tend to establish that defendant owned or possessed the gun. The State did not present such evidence. The State's evidence did tend to show that the gun came from inside the car, but defendant was not the only person in the car; indeed, there were three other people inside the car. The gun was found on the driver's

---

1. A pseudonym will be used to protect the identity of the minor.

side of the car, not the passenger's side where defendant was sitting, and the gun was ten or twelve feet away from the car. Officer VanLenten did not see any of the passengers throw anything out of the windows following White's departure from the driver's seat. When Officer VanLenten approached the car, defendant was still sitting in his seat, rolling a marijuana cigarette; nothing about his demeanor or appearance suggested that he had just thrown a firearm through the body of the car and out the open car door and into the grass ten or twelve feet away. Thus, the only evidence that defendant possessed the gun was the extrajudicial confession, which alone is not sufficient to support the charge of possession of a firearm by a felon. Accordingly, the trial court erred by denying defendant's motion to dismiss.

**[2]** Defendant next argues that the trial court improperly allowed the State's witnesses to testify that the green vegetable matter found in defendant's lap was marijuana. We disagree.

Both Officer VanLenten and Officer McNeil testified that the green vegetable matter in defendant's lap was marijuana. Defendant argues that this was improper because neither officer was tendered as an expert witness and neither testified that he had conducted a chemical analysis of the substance. Instead, they testified that the substance was marijuana based on observation, training, and experience.

"[T]his Court has previously held that a police officer experienced in the identification of marijuana may testify to his visual identification of evidence as marijuana[.]" *State v. Garnett*, ____ N.C. App. ____, ____, 706 S.E.2d 280, 286, *disc. review denied*, 365 N.C. 200, 710 S.E.2d 31 (2011). Although we have acknowledged that in such circumstances "it would have been better for the State to have introduced admissible evidence of chemical analysis of the substance," failing to introduce such evidence is not fatal. *Id.* (quoting *State v. Fletcher*, 92 N.C. App. 50, 57, 373 S.E.2d 681, 686 (1988)). Accordingly, we hold that the trial court did not err by allowing the two officers to identify the green vegetable matter as marijuana based on their observation, training, and experience.

After reconsideration, we uphold our original decision. We reverse defendant's conviction for possession of a firearm by a felon and find no error as to his conviction for possession of marijuana.

Reversed in part; no error in part; remanded for resentencing.

Judges BRYANT and STEPHENS concur.