STATE OF NORTH CAROLINA
v.
MASON JAMEL HOWARD

No. COA 12-996

Filed 18 June 2013

**Appeal and Error—preservation of issues—no objection at trial—no argument on appeal—dismissed**

Defendant's appeal in a possession of a firearm by a felon and carrying a concealed weapon case arguing that the trial court erred by admitting an officer's testimony concerning defendant's prior

acts was dismissed. Defendant failed to object under Rule 404(b) at trial, and failed to argue under Rule 403 on appeal.

Judge HUNTER, Jr., dissents in a separate opinion.

Appeal by defendant from judgment entered 8 February 2012 by Judge W. Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals 30 January 2013.

    *Attorney General Roy Cooper, by Assistant Attorney General Brent D. Kiziah, for the State.*

    *Bryan Gates for defendant-appellant.*

STEELMAN, Judge.

Where defendant objected upon one basis before the trial court, he cannot "swap horses" and argue a different theory on appeal. Where defendant does not argue the objection made before the trial court on appeal, we must dismiss his appeal.

## I. Factual and Procedural Background

At about 10:53 P.M. on 20 November 2010, Kannapolis Police Department Officer Christopher D. Hill (Officer Hill) observed a Cadillac De Ville traveling east on Dale Earnhardt Boulevard in Kannapolis. Officer Hill stopped the vehicle because the license plate light was not working. Brandon Eugene Martin (Martin) was in the driver's seat, and Mason Howard (defendant) was in the front passenger seat. The vehicle was owned by Martin's girlfriend.

Officer Hill approached the vehicle and asked both Martin and defendant for identification. Defendant gave Officer Hill a North Carolina identification card; Martin provided a North Carolina driver's license. Martin and defendant told Officer Hill they were driving from Charlotte to Kannapolis for a cook-out. Officer Hill ran their names through the Kannapolis Police Department Communication Center. There was an outstanding warrant for defendant's arrest from Mecklenburg County for possession of a firearm by a felon. The information stated that defendant was considered armed and dangerous. Officer Hill called for backup and Officer Carpenter responded to the scene of the stop.

With Officer Carpenter present, Officer Hill approached the passenger side of the vehicle and asked defendant to exit the vehicle. When

defendant stepped out of the vehicle, Officer Hill noticed an open vodka bottle in a paper bag at defendant's feet. Officer Hill advised defendant of the outstanding arrest warrant. Defendant was arrested and placed inside a patrol car.

Officer Hill called another Kannapolis police officer, Officer Hamilton, to bring a drug-sniffing dog to the scene of the stop. When Officer Hamilton arrived, he had Martin exit the vehicle and then led the dog around the vehicle. At the driver's side door, the dog indicated that the vehicle contained drugs. After the dog alerted to the presence of drugs, Martin admitted he had marijuana on the rear seat of the vehicle. Officer Hamilton then searched the vehicle and found thirteen grams of marijuana inside Martin's baseball cap on the driver's side rear seat. After Officer Hamilton confiscated the marijuana, Officer Hill searched the rest of the vehicle.

When Officer Hill searched the front passenger area, he confiscated the open vodka bottle from the front floorboard. While collecting the vodka bottle, Officer Hill discovered a loaded 38-caliber revolver underneath the passenger seat where defendant had been sitting. After Officer Hill found the revolver, he placed Martin in handcuffs. Martin denied any knowledge of the revolver. Officer Hill charged Martin with: (1) driving while impaired; and (2) possession of marijuana. Martin was then taken to the Kannapolis Police Department for processing.

Officer Hill also took defendant to the Kannapolis Police Department to process him for the outstanding Mecklenburg County arrest warrant. A criminal record check at the police department revealed that defendant had previously been convicted of a felony in 2007: conspiracy to commit robbery with a dangerous weapon. Officer Hill also discovered defendant had another outstanding Mecklenburg County arrest warrant for carrying a concealed weapon.

On 13 December 2010, defendant was indicted for: (1) possession of a firearm by a felon; (2) carrying a concealed weapon; and (3) possession of an open container of alcohol (for the vodka bottle).

Defendant was tried at the 7 February 2012 Criminal Session of Cabarrus County Superior Court. The State called Officer Sean Parker (Officer Parker) of the Charlotte-Mecklenburg Police Department to testify about a previous encounter with defendant in Charlotte a few months earlier. The State offered Officer Parker's testimony pursuant to Rule 404(b) of the North Carolina Rules of Evidence. At the conclusion of a *voir dire* hearing, the trial court overruled defendant's objection, determining that "the probative value of the testimony outweighs any unfair prejudice to the defendant under Rule 403."

The jury found defendant guilty of: (1) carrying a concealed weapon; and (2) possession of a firearm by a felon. The trial court dismissed the charge of possession of an open container of alcohol. Defendant was sentenced to an active sentence of 14-17 months for possession of a firearm by a felon and a consecutive active sentence of 45 days for carrying a concealed weapon.

Defendant appeals.

## II.  Standard of Review

"In order to preserve a question for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent." *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991); see also N.C.R. App. P. 10(a)(1).

## III.  Analysis

[1] In his arguments on appeal, defendant contends that the trial court erred in admitting Officer Parker's testimony concerning defendant's prior acts. We disagree.

The trial court conducted a hearing outside of the presence of the jury to determine the admissibility of Officer Parker's testimony concerning the incident that occurred on 14 July 2010 in Mecklenburg County.

Officer Parker testified that on 14 July 2010 he was dispatched to a breaking and entering in progress. When he arrived, Officer Parker saw defendant talking to another police officer. As Officer Parker approached, he saw defendant flee, tossing a black semi-automatic handgun into nearby bushes. Officer Parker chased defendant for about 200 yards. He eventually caught defendant and arrested him for: (1) possession of a firearm by a felon; (2) carrying a concealed weapon; and (3) resisting a public officer.

Following the State's proffer, counsel for defendant made the following objection:

> MR. COOK: I apologize for my voice. I'm having a difficulty this week. Thank you. No further questions, but, Your Honor, I do object to the proffer of all the evidence under 404(B) as being prejudicial. The prejudice to my client would outweigh the probative value in regard to the facts of this case.

**STATE v. HOWARD**

[228 N.C. App. 103 (2013)]

THE COURT: You're making your objection under Rule 403.

MR. COOK: I am.

The trial court made two rulings at the conclusion of the *voir dire* hearing: first, that the testimony was admissible under Rule 404(b) of the North Carolina Rules of Evidence; and second, that "the probative value of the testimony outweighs any unfair prejudice to the defendant under Rule 403." Defendant's objection to the evidence was only as to its prejudicial effect, not its admissibility. The objection was phrased in terms that the "prejudice to my client would outweigh the probative value in regard to the facts of this case." The court then specifically confirmed with counsel that the objection was being made under Rule 403.

Although defendant mentioned Rule 404(b) in his objection, it is clear that the objection was made pursuant to Rule 403. As defendant did not object pursuant to Rule 404(b), such objection is not preserved on appeal, unless plain error is argued. *See State v. Lawrence*, ___ N.C. ___, ___, 723 S.E.2d 326, 334 (2012). Defendant has not argued plain error on appeal.

Defendant objected pursuant to Rule 403. However, in his brief to this Court, defendant fails to argue error under Rule 403, and makes his entire argument under Rule 404(b). Any argument pertaining to Rule 403 is deemed abandoned. *See* N.C. R. App. P. 28(b)(6).

A defendant cannot "swap horses between courts in order to get a better mount[.]" *Wood v. Weldon*, 160 N.C. App. 697, 699, 586 S.E.2d 801, 803 (2003) (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)). Defendant cannot object under Rule 403 at trial and then argue under Rule 404(b) on appeal.

Because defendant failed to object under Rule 404(b) at trial, and failed to argue under Rule 403 on appeal, we dismiss defendant's appeal.

DISMISSED.

Judge GEER concurs.

Judge HUNTER, Jr., Robert N., dissents in a separate opinion.

·HUNTER, JR., Robert N., Judge, dissenting.

I do not believe the majority opinion applies the correct standard of review. For this reason, I respectfully dissent.

## I. Standard of Review

When reviewing evidentiary rulings under North Carolina Rules of Evidence 404(b) and 403,

> we conduct distinct inquiries with different standards of review. When the trial court has made findings of fact and conclusions of law to support its 404(b) ruling, . . . we look to whether the evidence supports the findings and whether the findings support the conclusions. We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b). We then review the trial court's Rule 403 determination for abuse of discretion.

*State v. Beckelheimer*, __ N.C. __, __, 726 S.E.2d 156, 159 (2012). Thus, we engage in a *de novo* review of whether the circumstances satisfy the similarity, temporal proximity, and relevancy requirements of Rule 404(b). *See id.* at __, 726 S.E.2d at 158–59. If we determine the trial court did not err in this determination, we then analyze whether the trial court abused its discretion by concluding the danger of unfair prejudice does not substantially outweigh the evidence's probative value. *See id.*

"Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quotation marks and citation omitted); *see also Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009).

"Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988); *see also White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) ("A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason . . . [or] upon a showing that [the trial court's decision] was so arbitrary that it could not have been the result of a reasoned decision.").

In light of these distinctions, I believe Defendant preserved his arguments under *both* Rule 404(b) and Rule 403.

"In order to preserve a question for appellate review, a party must have presented the trial court with a timely request, objection or motion,

stating the specific grounds for the ruling sought if the specific grounds are not apparent." *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991); *see also* N.C. R. App. P. 10(a)(1).

Defendant did not need to object again at trial after objecting during the *voir dire* hearing. *See State v. Randolph*, __ N.C. App. __, __, 735 S.E.2d 845, 851 (2012) (holding that a defendant preserved his evidentiary argument by objecting to the evidence's admission and obtaining a ruling on admissibility during a mid-trial *voir dire* hearing). Here, Defendant preserved his argument by (i) objecting to Officer Parker's testimony during the *voir dire* hearing; and (ii) obtaining an evidentiary ruling.

The majority holds Defendant only preserved his argument for Rule 403 abuse of discretion review, not Rule 404(b) *de novo* review. I respectfully disagree.

The relevant part of the trial occurred as follows. During the *voir dire* hearing, the prosecutor stated, "I will be proffering [Officer Parker's] testimony under Rule 404(B)." Officer Parker then testified. Immediately afterward, the following exchange occurred:

> [Defense Counsel]: I do object to the proffer of all the evidence under 404(B) as being prejudicial. The prejudice to my client would outweigh the probative value in regard to the facts of this case.
>
> THE COURT: You're making your objection under Rule 403.
>
> [Defense Counsel]: I am.

The trial court then explained its Rule 404(b) analysis and decided:

> The Court's going to overrule the objection to the testimony. The Court will, if it becomes necessary, do a written order under Rule 404(B).
>
> The Court finds that the probative value of the testimony outweighs any unfair prejudice to the defendant under Rule 403.

On 17 February 2012, the trial court entered a written order determining Officer Parker's testimony was admissible under both Rule 404(b) and Rule 403. The majority holds that "Defendant's objection to the evidence was only as to its prejudicial effect, not its admissibility." I disagree. A Rule 404(b) objection does not preclude a simultaneous Rule

403 objection; in fact our Supreme Court has implicitly acknowledged the two rules are often intertwined. *See Beckelheimer,* __ N.C. at __, 726 S.E.2d at 159. I believe defense counsel's response to the trial court's Rule 403 inquiry simply expanded the scope of his objection, rather than invalidating his previous Rule 404(b) objection. Consequently, I would have held defense counsel properly preserved Defendant's Rule 404(b) argument by stating: "I do object to the proffer of all the evidence under 404(B) as prejudicial."

Additionally, I believe reviewing Defendant's arguments under Rule 404(b) preserves the spirit and purpose of North Carolina's Rules of Evidence. Rule of Evidence 102 makes clear that the Rules "shall be construed to secure fairness in administration . . . and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." N.C. R. Evid. 102. Only reviewing the trial court's evidentiary decision under the Rule 403 abuse of discretion standard when Defendant explicitly cited Rule 404(b) in his objection fundamentally contradicts this purpose.

Overall, the relevant interaction at trial is summarized as follows: (i) the prosecution offered Officer Parker's testimony under Rule 404(b); (ii) Defendant objected under Rule 404(b); and (iii) the trial court ruled under Rule 404(b). Consequently, I would have engaged in de novo Rule 404(b) analysis on appeal. *See id.* Given this conclusion, I now address the merits of Defendant's arguments under de novo Rule 404(b) analysis.

## II. Rule 404(b) Analysis

Defendant's convictions concern the revolver found under his seat on 20 November 2010. On appeal, Defendant argued the trial court erred by admitting Officer Parker's testimony because the testimony: (i) was not needed to show knowledge of illegality; (ii) was not relevant to prove identity; and (iii) did not show a common scheme or plan. Defendant then argued this error was prejudicial. I would have vacated and remanded for new trial under Rule 404(b).

North Carolina Rule of Evidence 404(b) states:

> (b) *Other crimes, wrongs, or acts.* — Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. R. Evid. 404(b). However, North Carolina Rule of Evidence 403 excludes relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. R. Evid. 403.

Our courts have characterized Rule 404(b) as a

> general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.

*State v. Coffey*, 326 N.C. 268, 278–79, 389 S.E.2d 48, 54 (1990). Therefore, "evidence of other offenses is admissible so long as it is relevant to any fact or issue *other than* the character of the accused." *State v. Bagley*, 321 N.C. 201, 206, 362 S.E.2d 244, 247 (1987) (emphasis added) (quotation marks and citation omitted); *see also* N.C. R. Evid. 401 (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

Still, our Supreme Court warns that "Rule 404(b) evidence . . . should be carefully scrutinized in order to adequately safeguard against the improper introduction of character evidence against the accused." *State v. Al-Bayyinah*, 356 N.C. 150, 154, 567 S.E.2d 120, 122 (2002). This is because:

> [w]hen evidence of a prior crime is introduced, the natural and inevitable tendency for a judge or jury is to give excessive weight to the vicious record of crime thus exhibited and either to allow it to bear too strongly on the present charge or to take the proof of it as justifying a condemnation, irrespective of the accused's guilt of the present charge. Indeed, the dangerous tendency of Rule 404(b) evidence to mislead and raise a legally spurious presumption of guilt requires that its admissibility should be subjected to strict scrutiny by the courts.

*State v. Carpenter*, 361 N.C. 382, 387–88, 646 S.E.2d 105, 109–110 (2007) (internal quotation marks and citations omitted).

"To effectuate these important evidentiary safeguards, the rule of inclusion described in *Coffey* is constrained by the requirements of

similarity and temporal proximity." *Al-Bayyinah*, 356 N.C. at 154, 567 S.E.2d at 123 (2002). Our Supreme Court has elaborated that:

> [w]hen the features of the earlier act are dissimilar from those of the offense with which the defendant is currently charged, such evidence lacks probative value. When otherwise similar offenses are distanced by significant stretches of time, commonalities become less striking, and the probative value of the analogy attaches less to the acts than to the character of the actor.

*State v. Artis*, 325 N.C. 278, 299, 384 S.E.2d 470, 481 (1989), *vacated on other grounds*, 494 U.S. 1023 (1990). Although similarities need not "rise to the level of the unique and bizarre," *State v. Martin*, 191 N.C. App. 462, 467–68, 665 S.E.2d 471, 475 (2008) (quotation marks and citation omitted), "there must be shown some unusual facts present in both crimes or particularly similar acts." *State v. Moore*, 309 N.C. 102, 106, 305 S.E.2d 542, 545 (1983).

If evidence satisfies the similarity, temporal proximity, and relevancy requirements of Rule 404(b), the trial court must then balance the evidence's probative value with the danger of unfair prejudice under Rule 403. *See State v. Glenn*, __ N.C. App. __, __, 725 S.E.2d 58, 67 (2012). Thus, in making a Rule 404(b)/Rule 403 determination, the trial court analyzes three issues:

> First, is the evidence relevant for some purpose other than to show that defendant has the propensity for the type of conduct for which he is being tried? Second, is that purpose relevant to an issue material to the pending case? Third, does the probative value of the evidence substantially outweigh the danger of unfair prejudice pursuant to Rule 403?

*Id.* (internal citations omitted).

On appeal, if this Court determines the trial court erred in its Rule 404(b)/Rule 403 determination, we only remand for new trial if the error was prejudicial. *See Sisk v. Sisk*, __ N.C. App. __, __, 729 S.E.2d 68, 71 (2012) ("New trials are not awarded because of technical errors. The error must be prejudicial." (quotation marks and citation omitted)). "The party who asserts that evidence was improperly admitted usually has the burden to show the error and that he was prejudiced by its admission." *State v. Anthony*, 133 N.C. App. 573, 579, 516 S.E.2d 195, 199 (1999). "This burden may be met by showing that there is a reasonable

possibility that a different result would have been reached had the error not been committed." *State v. Jones*, 188 N.C. App. 562, 569, 655 S.E.2d 915, 920 (2008); *see also* N.C. Gen. Stat. § 15A-1443 (2011).

In the present case, Defendant argued the trial court erred by admitting Officer Parker's testimony under Rule 404(b) to show: (i) knowledge of illegality; (ii) identity; and (iii) common scheme or plan. He then contended this error was prejudicial. Although the majority dismisses the case because Defendant did not make any appellate arguments under Rule 403, I would have analyzed the trial court's decision to admit Officer Parker's testimony under Rule 404(b). I believe the trial court should have excluded the testimony under Rule 404(b) for lack of similarity.

## A. Lack of Similarity

Defendant's 14 July 2010 arrest is not sufficiently similar to the events of 20 November 2010 to satisfy Rule 404(b)'s "similarity" require-ment.[1] *See Al-Bayyinah*, 356 N.C. at 154, 567 S.E.2d at 123; *State v. Ward*, 199 N.C. App. 1, 15, 681 S.E.2d 354, 364 (2009) (applying the "similarity" requirement when the trial court admitted prior bad act testimony to show knowledge, identity, and common scheme or plan).

Although the trial court determined the events of 14 July 2010 and 20 November 2010 were "similar, frankly identical," they bear almost no factual similarities. First, Defendant's 14 July 2010 arrest occurred in Charlotte; his 20 November 2010 arrest occurred in Kannapolis, more than 20 miles away. Second, on 14 July 2010 Defendant was arrested while fleeing from the scene of a breaking and entering; on 20 November 2010 Defendant was riding in a car. Third, the gun involved in the 14 July 2010 arrest was a semi-automatic handgun; the gun involved in the 20 November 2010 arrest was a revolver.[2] Fourth, on 14 July 2010 Defendant carried the gun in his waistband; on 20 November 2010 no evidence indicates Defendant even touched the revolver. Lastly, on 1 4 July 2010 the gun was found in bushes; on 20 November 2010 the gun was found under the car's passenger seat. In short, I find no similarities

---

1. I acknowledge that only four months separate the events of 14 July 2010 and 20 November 2010. However, I do not base my dissent on the Rule 404(b) "temporal proximity" requirement. Instead, I focus solely on lack of similarity. *See Al-Bayyinah*, 356 N.C. at 154, 567 S.E.2d at 123 (describing temporal proximity and similarity as two separate requirements).

2. At trial, Agent Tanya Pallotta, a special agent and forensic scientist with the North Carolina State Crime Lab, testified that the revolver under Defendant's seat did not have any latent fingerprints.

between the two incidents other than that they both involved a felon and a firearm.

Additionally, my dissent is guided by our Supreme Court's decision in *Carpenter*. *See Dunn v. Pate*, 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993) ("[The Court of Appeals] has no authority to overrule decisions of [the] Supreme Court and [has] the responsibility to follow those decisions until otherwise ordered by the Supreme Court." (quotation marks and citation omitted) (second and third alterations in original)). In *Carpenter*, the defendant was a passenger in a car during a routine traffic stop. 361 N.C. at 383, 646 S.E.2d at 107. Police officers suspected the car contained drugs, searched all the passengers, and found cocaine in the defendant's sweatshirt pocket. *Id.* at 384, 646 S.E.2d at 107. At the defendant's trial for possession of cocaine with intent to sell, the court admitted testimony that a police informant had previously purchased cocaine from the defendant at a residence during a sting operation. *Id.* at 384–85, 646 S.E.2d at 108.

In *Carpenter*, our Supreme Court determined "the State's efforts to show similarities between crimes establish no more than characteristics inherent to most crimes of that type." *Id.* at 390, 646 S.E.2d at 111 (quotation marks and citation omitted). Consequently, our Supreme Court reversed and remanded for new trial because "the State has failed to show that sufficient similarities existed for the purposes of Rule 404(b)." *Id.* (quotation marks and citation omitted); *see also Al-Bayyinah*, 356 N.C. at 155, 567 S.E.2d at 123; *State v. Flood*, __ N.C. App. __, __, 726 S.E.2d 908, 913–14 (2012).

Therefore, I would have held the trial court erred by failing to exclude Officer Parker's testimony for lack of similarity.

## B. Knowledge, Identity, and Common Scheme or Plan

Although I believe the trial court should have excluded Officer Parker's testimony for lack of similarity, I also note that the testimony has very little probative value under any permissible Rule 404(b) rationale.

First, knowledge is not an element of possession of a firearm by a felon. In North Carolina, "[w]here guilty knowledge is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite guilty knowledge, even though the evidence reveals the commission of another offense by the accused." *State v. McClain*, 240 N.C. 171, 175, 81 S.E.2d 364, 367 (1954); *see also Ward*, 199 N.C. App. at 16, 18, 681 S.E.2d at 365, 367 (allowing testimony about a prior arrest for illegal possession of

prescription drugs because specific intent to possess prescription drugs is an element of the offense).

The elements of possession of a firearm by a felon are: "(1) [the] defendant was previously convicted of a felony; and (2) thereafter possessed a firearm." *State v. Cunningham*, 188 N.C. App. 832, 836, 656 S.E.2d 697, 700 (2008) (quotation marks and citation omitted); see also N.C. Gen. Stat. § 14-415.1 (2011). This offense does not require evidence of "guilty knowledge." *See McClain*, 240 N.C. at 175, 81 S.E.2d at 367. Therefore, Officer Parker's testimony was not relevant to show knowledge of illegality.[3]

Second, identity was not at issue in the instant case. Defendant does not contest that he was sitting in the passenger seat of the car stopped by Officer Hill on 20 November 2010.[4] *See State v. Pace*, 51 N.C. App. 79, 83, 275 S.E.2d 254, 256 (1981) (holding that when the defendant in a rape case admitted he had intercourse but alleged it was consensual, identity was not at issue). Instead, Defendant argues the State did not meet its burden of proving he actually or constructively possessed the revolver.[5] Thus, since Defendant's counsel acknowledged Defendant was present during the events of 20 November 2010, identity was not at issue here.

Third, Officer Parker's testimony was not relevant to show a common plan or scheme because, as discussed previously, there were no unusual similarities between the events of 14 July 2010 and 20 November 2010. Instead, the only similarities were "characteristics inherent to

---

3. Defendant was also convicted of carrying a concealed weapon. This offense does have a specific intent component. *See* N.C. Gen. Stat. § 14-269(a1) (2011) (making it unlawful to "willfully and intentionally" carry a concealed weapon); *see also State v. Sauls*, 199 N.C. 193, 154 S.E. 28 (1930) (holding that this requirement equates to criminal intent to conceal). Therefore, Officer Parker's testimony may have had limited probative value to show intent to conceal. However, since I believe the trial court should have excluded Officer Parker's testimony under Rule 404(b) for lack of similarity, I decline to balance this minor probative value with Rule 403 prejudice.

4. In fact, defense counsel repeatedly acknowledged at trial that Defendant was present during the events of 20 November 2010. For instance, when cross-examining Officer Hill, defense counsel asked: (i) "Did you ever at any time notice Mr. Howard moving about the compartment in a way that alarmed you?"; and (ii) "it came to your knowledge [that Mr. Howard] was impaired by alcohol[?]" Similarly, defense counsel asked Officer Carpenter about his supervision of Defendant while he was in custody.

5. "Actual or constructive possession" is an element of "possession of a firearm by a felon." *See State v. Cox*, __ N.C. App. __, __, 721 S.E.2d 346, 348–49. Additionally, our courts have equated the "carrying" aspect of "carrying a concealed weapon" with actual or constructive possession. *See State v. Best*, __ N.C. App. __, __, 713 S.E.2d 556, 561 (2011).

most crimes of that type." *Carpenter*, 361 N.C. at 390, 646 S.E.2d at 111 (quotation marks and citation omitted).

## III. Prejudice

Since I believe the trial court erred by admitting Officer Parker's testimony under Rule 404(b), I need not balance its purported probative value with the "danger of unfair prejudice" under Rule 403. *See Glenn*, __ N.C. App. at __, 725 S.E.2d at 67. However, I believe the trial court's error was prejudicial because "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (2011); *see also State v. Ferguson*, 145 N.C. App. 302, 307, 549 S.E.2d 889, 893 (2001).

In the instant case, the State's only evidence that Defendant constructively possessed the revolver was that: (i) Officer Hill found the revolver under Defendant's seat; and (ii) Officer Parker previously arrested Defendant in an unrelated incident on 14 July 2010. The State acknowledged that the revolver was not registered to Defendant.[6] Additionally, there was no evidence Defendant ever even touched the revolver. Given this lack of evidence, I believe there is a reasonable possibility the trial court would have reached a different result without Officer Parker's testimony.

To this effect, this Court has previously held that the "mere fact that [a] defendant was in a car where a gun was found is insufficient standing alone to establish constructive possession." *Cox*, __ N.C. App. at __, 721 S.E.2d at 349 (quotation marks and citation omitted)(alteration in original)[7]; *see also State v. Clark*, 159 N.C. App. 520, 525, 583 S.E.2d 680, 683

---

6. At trial, the State introduced into evidence a firearms trace summary showing the revolver was last reported purchased by Charles Lamar Williams, Jr. in Charlotte in 1975. The summary did not indicate the revolver had ever been reported stolen.

7. In *Cox*, the defendant was a passenger in a car at a DWI checkpoint. *Id.* at __, 721 S.E.2d at 347. The driver pulled into a nearby driveway to avoid the checkpoint. *Id.* When police approached the car, they found a revolver in the nearby grass. *Id.* at __, 721 S.E.2d at 348. The defendant admitted he owned the gun and was charged with possession of a firearm by a felon. *Id.* at __, 721 S.E.2d at 349.

In that case, we first noted that "the State may not rely solely on the extrajudicial confession of a defendant to prove his or her guilt; other corroborating evidence is needed to convict for a criminal offense." *Id.* (quotation marks and citation omitted). We then reversed the defendant's conviction for possession of a firearm by a felon because:

> [t]he mere fact that [a] defendant was in a car where a gun was found is insufficient standing alone to establish constructive possession.

(2003); *State v. Alston*, 131 N.C. App. 514, 519, 508 S.E.2d 315, 318 (1998), *superseded by statute on other grounds.* "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Here, without Officer Parker's testimony, the only evidence linking Defendant to the revolver is that Officer Hill found the weapon under Defendant's seat. Therefore, absent Officer Parker's testimony, there is a reasonable possibility the trial court would have reached a different result. *See* N.C. Gen. Stat. § 15A-1443 (2011).

----------

In conclusion, I believe the instant case represents precisely the type of scenario Rule 404 seeks to remedy. Officer Parker's testimony provided little probative value for any permissible Rule 404(b) rationale. Instead, its main purpose was to show that because Defendant had previously been arrested for the crimes at issue, he has a propensity for those crimes. Rule 404 expressly rejects this purpose. *See* N.C. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."). The United States Supreme Court further elaborates that:

> [t]he inquiry [into character] is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.

*Michelson v. United States*, 335 U.S. 469, 475–76 (1948). Here, the trial court "den[ied] [Defendant] a fair opportunity to defend" against his charges. *Id.* Therefore, because the trial court should have excluded Officer Parker's testimony for lack of similarity, I would have vacated and remanded for new trial.

---

> Thus, the mere fact that [a] defendant was in a car *next to* where a gun was found is not enough to establish constructive possession.

*Id.* (quotation marks and citation omitted)(second alteration in original).